Steven DAVIDOVIC, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1179A331.

Court of Appeals of Indiana, Third District.

Aug. 21, 1980.

Harriette Bailey Conn, Public Defender, Paul Jeffery Roberts, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Steven Davidovic appeals the adverse ruling by the trial court upon his petition for post conviction relief. Davidovic was convicted of robbery and that conviction was affirmed by this Court in an unpublished memorandum decision (# 3–676 A 123) on March 3, 1977. Under Ind. Rules of Procedure, Post-Conviction Rule 1, Davidovic sought relief in the trial court. He now seeks this Court's review urging the following two issues:

(1) Whether the trial court erred in finding that Davidovic was not denied adequate legal representation by reason of a conflict of interest; and,

(2) Whether Davidovic is entitled to be re-sentenced under the ameliorative sentencing provisions of the new Indiana Criminal Code.

We affirm and conclude that Davidovic is not entitled to be re-sentenced.

Davidovic and his co-defendant, Walsh L. Lamar, Jr., were charged, tried, and convicted of robbery. Attorney Frank represented both Davidovic and Lamar at the jury trial. After two witnesses for the State had testified and a motion to suppress identification had been denied, Lamar indicated to attorney Frank that he wished to plead guilty and testify in behalf of Davidovic. Attorney Frank brought this development to the attention of the judge out of the presence of the jury. A brief discussion ensued as to the propriety of such action. The judge, however, postponed any ruling until the time Lamar would actually testify.

After the State rested, Lamar again indicated his desire to plead guilty and to testify in behalf of Davidovic. Another brief discussion occurred outside the presence of the jury. The judge and attorney Frank informed Lamar he did not have to testify and further informed him of his rights. Still, Lamar insisted upon testifying. After waiving his rights, Lamar testified it was not Davidovic who was with him when he committed the robbery but another man named John Randall. The defense then rested.

The jury found Davidovic and Lamar guilty and they were sentenced for a period of not less then ten nor more than twenty-five years. This Court affirmed the conviction of both Davidovic and Lamar. Davidovic now seeks this Court's review of the denial of his petition for post-conviction relief.

I.

Conflict of Interest

Davidovic first raises the issue whether the trial court erred in finding that he was not denied adequate legal representation by counsel with respect to a conflict of interest arising out of the joint representation by attorney Frank.

We first point out the proper standard of review for this Court. As stated by our State Supreme Court in *Cottingham v. State* (1978), Ind., 379 N.E.2d 984, 985:

"[I]n post-conviction proceedings the burden of proof rests with the petitioner to establish his grounds to relief by a preponderance of the evidence . . . The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witness . . . His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. . . ." (citations omitted).

When this Court is faced with an allegation of conflict arising from joint representation of co-defendants by one counsel, a bifurcated analysis is required. First, we are faced with the rule laid down in *Holloway v. Arkansas* (1978), 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426, which states: "[W]henever a trial court improperly requires joint representation over timely objection reversal is automatic. . . ." *Id.* at 488, 98 S.Ct. at 1181. This rule has two elements. One, the defendant must make timely objection at trial. Two, the

trial court must improperly require the joint representation over the objection.[1]

Because of the importance of this issue, we quote in its entirety all portions of the record with regard to the issue of Lamar testifying at the trial. The first portion of the record here quoted concerns attorney Frank's initial notice to the judge, during the State's case in chief, of Lamar's desire to change his plea to guilty and to testify. The second portion of the record reflects the procedures taken after the State had rested but prior to Lamar's testifying.

"(THE FOLLOWING PROCEEDINGS WERE HELD IN THE PRESENCE AND HEARING OF THE JURY.)

"BY THE COURT: Good Morning.

"BY MR. FRANK: May we approach the bench.

"BY THE COURT: You may.

"THE FOLLOWING PROCEEDINGS WERE HELD AT THE BENCH AND OUT OF THE HEARING OF THE JURY.

"BY MR. FRANK: Mr. Lamar has just indicated to me that he wishes to change his plea and testify.

"BY THE COURT: I don't think he has to testify. He wouldn't have to testify. He wouldn't have to testify, that would be the end result anyway.

"BY MR. FRANK: Can I do that, represent both of them?

"BY THE COURT: That is up to you.

"BY MR. OLSZEWSKI [prosecutor]: I can see a possible problem here.

"BY THE COURT: Mr. Lamar would be advised that he does not have to do that and so forth. He wants to change his plea and to testify. I am just reluctant. Is he prepared to enter a plea and do that?

"BY MR. FRANK: He wants to plead guilty and testify.

"BY THE COURT: Does he understand that he does not have to do that?

"BY MR. FRANK: I don't think he understands that.

"BY THE COURT: Of course it would not be a prerequisite.

"BY MR. FRANK: No, but he told me what he was going to do. Can I question him?

"BY THE COURT: Are we going to get to that this afternoon?

"BY MR. OLSZEWSKI: I don't see any problem with any of my witnesses.

"BY THE COURT: Let's go ahead. It won't be a problem until afterwards. Continue."

\* \* \* \* \* \*

"BY MR. FRANK: Your Honor, the defendant Walsh Lamar desires to take the stand. Perhaps the Court can advise him of his rights out of the presence of the jury.

"BY THE COURT: I will interview him. Come forward Mr. Lamar, and Mr. Frank would you come up also.·

"WALSH LAMAR, JR.

"having been first duly sworn upon his oath testified as follows:

"EXAMINATION BY THE COURT

"THE FOLLOWING PROCEEDINGS WERE HAD AND OUT OF THE HEARING OF THE JURY.

"Q.    Mr. Lamar, it is my duty to advise you that you do not have to testify if you do not want to. Do you understand that? Do you know that there is an absolute right not to testify? However, you also have the right to testify as long as you fully understand that you have a right not to and you are aware of that, are you not?

"A.    Yes.

"Q.    And it is your desire to testify in this cause?

1. As stated by the Indiana Supreme Court in *Patterson v. State* (1979), Ind., 386 N.E.2d 936, 941; *cert. denied,* 444 U.S. 935, 100 S.Ct. 283, 62 L.Ed.2d 194:

"Although *Holloway* does hold that once the reviewing Court has found that the trial court has improperly required joint representation over timely objection, reversal is automatic without a showing that the defendant has been prejudiced by the alleged conflict of interests, it must first be shown that the trial court's actions were improper.  .  .  ."

"A.    Yes.

"BY THE COURT: Do you have anything further?

"BY MR. FRANK: Beyond that, Your Honor, I want the Court to be aware that he insists that he is going to admit guilt.

"BY THE COURT: Well—

"BY MR. FRANK: That is correct Mr. Lamar?

"BY MR. LAMAR: Yes.

"BY MR. FRANK: This places me in somewhat of a quandary. Do I question him for the purpose of the record and show I make the Court aware that this is without my—

"BY THE COURT: You make the record here. Do everything in front of the record. You want to make it against your recommendation, so you indicate that for the record.

"BY MR. FRANK: That is correct. I advise you against doing this.

"BY MR. LAMAR: Then you advised me of the rights.

"BY MR. FRANK: Yes. This is not as a result of any suggestion of mine, is it? This is your own decision?

"BY MR. LAMAR: This is the decision I made.

"BY MR. FRANK: And I advised that you had no—there is no requirement or anything that you confess guilt, is that correct?

"BY MR. LAMAR: Yes.

"BY THE COURT:

"Q.    How old are you Mr. Lamar?

"A.    Thirty-five.

"Q.    How far did you go in school?

"A.    Eleventh grade.

"Q.    Do you understand [*sic*]; do you not, that you have a right not to testify? There is no question about your right not to testify?

"A.    No.

"Q.    You understand that?

"A.    Yes.

"BY THE COURT: All right.

"BY MR. FRANK: Your Honor, the defendant is not being called by the defendant, Davidovic. This witness is taking the stand of his own volition."

As is evident from this record, no objection was made to the joint representation of Lamar and Davidovic. At no time did attorney Frank move for the trial court to appoint separate counsel. Having no motion before it, it is axiomatic that the trial court did not "improperly require" joint representation. Davidovic fails to satisfy either element under the *Holloway* rule.

Therefore, we are faced with the second part of our bifurcated analysis. The law is well settled, if no objection is made at trial to the joint representation, the defendant must show actual prejudice. *Riner v. State* (1979), Ind., 394 N.E.2d 140; *Ross v. State* (1978), 268 Ind. 608, 377 N.E.2d 634; *Stoehr v. State* (1975), 263 Ind. 208, 328 N.E.2d 422, *cert. denied*, 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267. In this Davidovic also fails.[2] Once Lamar took the stand to testify, the record reveals twenty-five pages of testimony. Lamar's testimony, both on direct and cross-examination, placed Davidovic in California at the time of the robbery. He claimed that it was a John Randall who was with him during the robbery and that Davidovic had nothing to do with the robbery.

In the recent case of *Nelson v. State* (1980), Ind., 401 N.E.2d 666, facts similar to those here upon review were addressed. Two co-defendants were represented by one attorney in a trial for kidnapping and rape. One of the co-defendants took the stand and through his testimony attempted to relieve the second defendant of any culpability. Upon review, the Indiana Supreme Court found these facts to create no conflict, in fact, and therefore found no error

---

**2.** Davidovic points out in his appellate brief, as further evidence of the inadequacy of his counsel, that attorney Frank failed to allege inadequacy of counsel and conflict of interest in the original motion to correct errors. The issue here, however, is whether Davidovic was preju-diced by conflict at the trial. Both the trial court in its post conviction proceedings and this Court upon review found no such prejudice. It follows *a fortiori* the failure to allege conflict in the original motion to correct errors did not create the requisite prejudice.

in the joint representation. Under the present facts, as in *Nelson*, no actual prejudice has been established.

## II.

### Re-sentencing

■ Davidovic forwards the contention he is entitled to be sentenced under the ameliorative sentencing provisions of the new Indiana Criminal Code.[3] This is clearly erroneous.

The issue here raised by Davidovic was clearly settled in *Watford v. State* (1979), Ind., 384 N.E.2d 1030. In Indiana, sentencing is a final judgment. *Id.* 384 N.E.2d at 1032. If the defendant's judgment is final prior to the effective date of the statute, then he can not obtain the advantages of the ameliorative sentencing provisions. *Id.*

384 N.E.2d at 1033. Davidovic was sentenced under the old criminal code on January 9, 1976. The new criminal code became effective on October 1, 1977. 1977 Ind. Acts, P.L. 340, § 151. Davidovic is not entitled to re-sentencing and we therefore affirm the trial court.

Affirmed.

GARRARD, P. J., concurs.

HOFFMAN, J., concurs in result.

---

**3.** We address Davidovic's contention that—with respect to robbery—the new criminal code is ameliorative, without so deciding.