Jackie RIFFE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1182 S 422.

Supreme Court of Indiana.

June 22, 1984.

William P. Hufford, Columbia City, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Jackie Riffe, was convicted by a jury of robbery, battery, criminal deviate conduct, and rape. A consecutive sentence order established appellant's total imprisonment at sixty years. On appeal claims are made that the evidence was insufficient to convict.

■ The gravaman of the offenses was that after meeting and drinking in a bar, appellant and the alleged victim, Debora Jean, bought some beer and drove together to a secluded area, where he beat her with his fists, stole approximately $140 from her purse, burned her breast with his cigarette, forced a tire iron or other metal object into her vagina and struck her repeatedly with it, forced his penis into her vagina and anus, and abandoned her, nude and beaten in a cornfield. Appellant contends that the evidence serving to prove the burning, penetration, and taking of property was wholly insufficient to support the jury verdicts. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State*, (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657.

■ Indiana law defines battery at Ind.Code § 35–42–2–1 as a rude, insolent, or angry touching of another person, and requires that it be a class A misdemeanor if it results in bodily injury. Bodily injury includes "any impairment of physical condition, including physical pain." Ind.Code § 35–41–1–2. Physical pain resulting from repeated slapping and pushing is sufficient

to establish bodily injury. *Lewis v. State,* (1982) Ind., 438 N.E.2d 289. The alleged victim testified that after appellant forced her to undress, he burned her twice in the same spot on her left breast with his lighted cigarette. It hurt her and when she tried to fend him off, he struck her again in the face. State's Exhibit 10, duly admitted in evidence, is a photo of her left breast, several days after the alleged attack, and shows several small, round, reddish wounds. Appellant argues that this evidence is insufficient because the victim did not mention the burning incident to the physicians who examined her after the attack, and the physicians themselves did not note any burn marks in their examinations of her.

The alleged victim suffered multiple bruises and contusions to her face, back and legs, and therefore the breast injuries were but a few among many on the body. Under such extreme circumstances it would not have been greatly unreasonable or contrary to human experience to have overlooked or to have ignored them. The uncertainties in testimony from sources such as this are for the trier of fact to weigh. *Miller v. State,* (1977) 266 Ind. 461, 364 N.E.2d 129. The victim's testimony from the record is sufficient on the point on appeal.

■ Indiana law defines rape at Ind. Code § 35–42–4–1 as intentional and forcible sexual intercourse with a member of the opposite sex. The alleged victim testified that appellant hit her repeatedly with a tire iron or other metal object, threatened to kill her, and ordered her to lie flat on her back. He then put his penis into her vagina, and that process caused her pain. Appellant argues that the evidence is insufficient because an examination following the alleged attack produced no evidence of sperm or foreign pubic hairs about the victim's genital area, and because immediately after the offense the victim twice answered the direct inquiry of Deputy Sheriff James Horne whether she had been raped, in the negative. These items of evidence tend to undermine the testimony of the victim. However, reported results of such tests of alleged rape victims are not conclusive and vary in accuracy according to circumstances. It is also widely recognized and reported in the record in this case that there is a normal propensity stemming from shock and embarrassment for people to be reluctant to provide physical details of sexual attacks. The diminishing effect of these items of evidence upon this alleged victim's direct in-trial testimony of penetration was for the trier of fact to weigh. Her testimony is sufficient on appeal.

Indiana law defines criminal deviate conduct at Ind.Code § 35–42–4–2. In relevant part that statute identifies the offense as intentional penetration of the sex organ or anus by an object or other means. Such offense is a class A felony if committed through the use or threat of deadly force or while armed. Appellant challenges the sufficiency of evidence of penetration, pointing out that the medical testimony indicated little or no damage to the vaginal and anal areas.

■ The evidence supporting the verdict on these counts includes the testimony of the victim, the nursing assistant at the hospital, and the examining physician. The victim testified that appellant asked her, "Where is your tire iron," to which she replied, "I don't even know what I have in my trunk." He then unlocked the trunk and said, "Here is the tire iron, here it is," and shut the trunk. According to her he then put a tire iron or straight bar into her vagina, and that process hurt. He continued the beating. He then forced his penis into her anus from behind, and that process "hurt like hell." Afterward she saw blood on his underwear. The nursing assistant in the emergency room in the hospital testified that in cleaning the alleged victim's wounds she discovered a large amount of blood inside of the thighs and matted in the pubic hair. Upon inquiry she said the man had tried to push a tool into her, but she scooted back and he didn't get it in very much. One physician, in making a vaginal and rectal examination a few days after the

alleged attack, found a one inch long laceration in the wall of the vagina and small tears in the tissue around the anal region and was of the opinion that such injuries were consistent with the victim's account of the attack. We find that any competing inferences of no penetration from the extent of injury create a basis for comment by defense counsel in final summation and consideration by the trier of fact, but on appeal they present a question of weight of evidence not properly a basis for reversal for insufficiency of the evidence. *Taylor v. State*, (1973) 260 Ind. 64, 291 N.E.2d 890.

█ Indiana law defines robbery as the intentional taking of property from another person by force or fear or the threat of force. Ind.Code § 35–42–5–1. The alleged victim testified that when parked he said that he was going to kill her, and then asked her if she had any money, and she then took $140 from her pocket and gave it to him. He then demanded $1000 and hit her with his fist. Appellant argues that this testimony is insufficient because it stands alone and is refuted by his own testimony. The premise that her testimony is unsupported is false. Documentary evidence in the form of a paycheck payable to the victim in the sum of $189.55 which was noted cashed shortly before the attack was in evidence, as was the testimony of an investigating officer that he found her purse after the alleged attack, in the car, and there was no money at all in it. While this evidence is not decisive, it is clearly supportive of that which was given by the victim, and places the evidence supportive of the conviction for robbery, when taken as a whole, within that realm which could reasonably have been accepted by the jury as evidence of guilt beyond a reasonable doubt.

The convictions are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.