Danny ADAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8803–CR–299.

Supreme Court of Indiana.

June 15, 1989.

H. Erskine Cherry, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

After proceeding partially through a jury trial, appellant withdrew his plea of not guilty to a charge of Escape from the Indiana Reformatory and entered a plea of guilty. The jury was discharged and the matter was set for a hearing as to the sentencing on the plea of guilty and as to the remaining charge that appellant was an habitual offender.

Appellant contends the trial court erred in denying his motion for discharge pursuant to Ind.R.Cr.P. 4. In September of 1985, appellant was charged with escape from the Indiana Reformatory. On May 7, 1986, he was returned from the state of Colorado to the custody of the Department of Correction. On September 8, 1986, the court continued the case because appellant was unable to appear. On September 10, 1986, the court continued the case to October 6, 1986 on the motion of defense counsel. These two continuances accounted for twenty-eight days of delay attributable to appellant. This extended the time under Ind.R.Cr.P. 4 in which the State was required to try appellant to June 4, 1987.

On June 1, 1987, the trial court continued the matter to September 1987 due to court congestion, which continuance is specifically provided for under Rule 4. Although appellant alleges that he was not afforded the opportunity to argue his claim of a violation of Rule 4, the record fails to bear appellant out in this contention. Thus, appellant has failed in his burden to prove undue prejudice arising from the so-called delay. *Patterson v. State* (1986), Ind., 495 N.E.2d 714.

Appellant claims the trial court erred in denying his motion to reduce the underlying Class D felony of escape to a Class A misdemeanor for sentencing purposes. He also claims the trial court erred in failing to consider and recognize mitigating circumstances in the sentencing phase of the proceeding. He combines these allegations of error in his argument. Under Ind.Code § 35–50–2–7, the trial court is given the discretion to treat a conviction of escape either as a Class D felony or a Class A misdemeanor. There is nothing in this record to indicate abuse of the trial court's discretion in refusing to sentence appellant for a Class A misdemeanor.

The trial court set forth its finding that appellant had a serious previous criminal history and in fact enhanced appellant's sentence under the Class D felony convic-

tion from two (2) to four (4) years based upon these aggravating circumstances. Although appellant claims that the court failed to recognize any mitigating circumstances, he fails to set forth any such mitigating circumstances nor do we find any evidence of such circumstances in this record.

Appellant claims the trial court erred in denying his motion to dismiss the habitual offender charge; in failing to conduct an initial hearing in regard to the habitual offender count; in the procedure utilized in finding appellant to be an habitual offender; and in considering the prejudicial information in the presentence investigation prior to finding appellant to be an habitual offender.

 It was proper for the trial court to consider the presentence report before it determined appellant to be an habitual offender. *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. The fact that the trial judge failed to enter judgment on the escape charge before he considered the bifurcated habitual charge may not have been "the better practice," but it is not reversible error. *Sears v. State* (1983), Ind., 457 N.E.2d 192. When, as here, appellant is given reasonable notice of the charge of habitual offender and an opportunity to be heard on that claim, there is no prejudicial error shown from technical irregularities. *Gillie v. State* (1984), Ind., 465 N.E.2d 1380.

Appellant claims the filing of the habitual offender charge was not procedurally correct in that it was filed without permission of the court and without any basis being submitted to the court that would justify the filing of such an amendment. However, this Court in *Murphy v. State* (1986), Ind., 499 N.E.2d 1077 held that the State implicitly moved to add the habitual offender count when it filed the amended information which then became effective when accepted by the court. We see nothing in this record to indicate that appellant was not aware of the situation and was not given the opportunity to answer the allegations.

Appellant also challenges the finding that he is an habitual offender in that he states there is no proper proof shown by the State that he had two prior unrelated felony convictions.

The State submitted Exhibit Nos. 1, 1A, 2, 2A, 3, 3A, and 3B during the habitual offender proceeding. The exhibits contained documents concerning appellant's prior convictions and were admitted without objection. Further, the parties stipulated to their authenticity and to the fact that appellant was the same person who was convicted in each of the cases. Though the record contained commitments and abstracts of judgment pertaining to appellant's prior commitments, it did not include the informations which showed the dates upon which the prior felonies occurred.

Pursuant to a writ of certiorari, the exhibits listed above establishing appellant's habitual offender status were sent to this Court. Included were informations alleging appellant committed robbery on March 11, 1978 and robbery and conspiracy on April 10, 1984. A March 24, 1980 commitment shows appellant received a five-year sentence for the 1978 robbery conviction. An abstract of judgment shows appellant received two twenty-year sentences on August 21, 1984 for his robbery and conspiracy convictions. These records sufficiently show that appellant committed two prior unrelated felonies, thus establishing his habitual offender status.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.