William R. WILLS, Appellant,

v.

STATE of Indiana, Appellee.

No. 09S00–8812–CR–983.

Supreme Court of Indiana.

Nov. 2, 1989.

Jim Brugh, Logansport, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant entered a plea of guilty to Voluntary Manslaughter and was sentenced to a term of thirty-five (35) years. The offense was committed on February 13, 1987. At that time, the crime of voluntary manslaughter was defined in Ind.Code § 35-42-1-3 which, among other things, provided that the crime was a Class B felony. On September 1, 1987, an amendment to that statute became effective, which provides that manslaughter is a Class B felony. However, if the offense is committed by means of a deadly weapon it is a Class A felony.

At the sentencing, the parties and the court apparently were acting upon the erroneous assumption that the amended statute applied and that appellant should be sentenced pursuant to the penalties prescribed for a Class A felony. It is a violation of the constitutional prohibition against *ex post facto* legislation for a defendant to be sentenced under a statute passed after the commission of the act which enhances the punishment for the crime. *See Patterson v. State* (1988), Ind., 532 N.E.2d 604; *State v. Turner* (1978), 178 Ind.App. 562, 383 N.E.2d 428.

Appellant also takes the position that the court did not state sufficient grounds to enhance by five (5) years the sentence imposed. Although we find that the court's statement in imposing the sentence is not adequate for purposes of enhancement, *see* Ind.Code § 35-38-1-3(3), we do not agree with appellant's argument that upon remand the trial court should be precluded from sentencing appellant to more than the presumptive period of ten (10) years prescribed for voluntary manslaughter, a Class B felony.

Upon remand, the trial court may sentence appellant to any term provided under the statute as long as it does not exceed the sentence which he received originally, provided a specific statement is articulated to support any enhancement of

the presumptive term. *See Fry v. State* (1988), Ind., 521 N.E.2d 1302.

This cause is remanded to the trial court for proper sentencing pursuant to this opinion.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.