**William R. WILLS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 09S00–9008–CR–548.

Supreme Court of Indiana.

Sept. 26, 1991.

Jim Brugh, Logansport, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

Appellant pled guilty to the crime of Voluntary Manslaughter. He originally was sentenced to an enhanced term of thirty-five (35) years for Voluntary Manslaughter as a Class A felony. On November 2, 1989, we remanded this case to the trial court for sentencing pursuant to our decision in *Wills v. State* (1989), Ind., 545 N.E.2d 571. On May 3, 1990, the trial court resentenced appellant to a term of twenty (20) years for his conviction of Voluntary Manslaughter, a Class B Felony.

The facts are: James F. Sutton was killed in Cass County, Indiana, on February 13, 1987. Sutton was shot by John Braswell. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280. Wills was Braswell's accomplice in the commission of that crime. Wills testified against Braswell during the course of Braswell's trial. The testimony given by Wills against Braswell was admitted at both the original sentencing and resentencing of Wills.

Appellant contends that the trial court did not state sufficient grounds upon which to enhance the presumptive sentence of ten (10) years for voluntary manslaughter, a Class B felony.

The trial court made the following record at sentencing:

"The reasons for the imposition of the sentence are as follows:

(b) The aggravating circumstances outweigh the mitigating circumstances that exist and warrant an increase of sentence. The aggravating circumstances are as follows:

1. There was a previous history of delinquency and criminal activity.

2. That although the defendant's record since commitment to the Department of Corrections is commendable, it is not relevant to resentencing in this cause but might be relevant to proceedings within the Department of Corrections.

3. That though the defendant's past criminal history was the theft of the minor sum of three (3) rolls of pennies, the instant action involves a more serious crime of the death of another human being; therefore, a short term of incarceration or probation would depreciate the seriousness of the offense and would possibly lead to a depreciation of respect for the criminal justice system.

4. There was a juvenile proceeding in 1980.

5. There was conviction in Delaware County. That although the defendant was no longer on probation for a conviction out of Delaware County, that probation ended only four (4) days before the commission of this offense. That defendant was recently released from probation and still committed a criminal offense indicates that defendant is not likely to respond affirmatively to a short term incarceration and/or probation.

6. That the victim's family has previously requested that the sentence be aggravated.

7. That although the defendant expresses remorse for the death of the victim, after the kindness extended previously to the defendant by the victim, the defendant's actions in the death of the victim constitute a violation of the trust relationship between the victim and the defendant. The special relationship between the victim and the defendant justifies and requires aggravation of the sentence.

The mitigating circumstances are as follows:

1. The defendant has cooperated with the State authorities in prosecution of codefendant in this matter.

2. The defendant turned himself in.

3. Court also finds that there is an unlikeliness that the offense would reoccur with this defendant.

4. Court also finds that there is remorse of [sic] behalf of the defendant."

When we remanded this case to the trial court we directed that court to follow the standard regarding sentencing which is set

forth in *Fry v. State* (1988), Ind., 521 N.E.2d 1302. In *Fry*, we stated that when a trial court imposes an increased or consecutive sentence, the record must show a consideration by the judge of the facts of the specific crime and the relation of the sentence to the objectives to be served by that sentence. We further stated in *Fry:*

> "[W]here as here, the trial court enhances a sentence by ordering sentences to run consecutively, the record must include a statement of the court's reasons for selecting the sentence it imposes. The statement of reasons should contain: a) identification of all significant mitigating and aggravating circumstances found; b) specific facts and reasons which lead the court to find the existence of each circumstance; and c) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence." *Id.* at 1306.

We previously have held that the trial court need list only one aggravating factor to support an enhanced sentence. *Duvall v. State* (1989), Ind., 540 N.E.2d 34. Further, we have stated that an enhanced sentence can be imposed when the only aggravating circumstance is a prior criminal history. *Id.*

We have held that it is for the trial court to determine the weight to be given to the aggravating and mitigating factors. *Gilley v. State* (1989), Ind., 535 N.E.2d 130.

In the present case the sentencing order meets the *Fry* standard of specificity. Where the supporting statement is sufficient, the sentence will be sustained unless it is manifestly unreasonable. *Frappier v. State* (1983), Ind., 448 N.E.2d 1188.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.