Richard L. ROWOLD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 02A05–9308–CR–277.[1]

Court of Appeals of Indiana,
First District.

March 8, 1994.

1. This case was diverted to this office on January 10, 1994, by direction of the Chief Judge.

Bruce S. Cowen, Fort Wayne, for appellant-defendant.

Pamela Carter, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Today we decide two issues:

1. How must a trial court classify a federal felony conviction for habitual offender purposes?

2. If a trial court improperly sentences a defendant under the wrong habitual offender statute, how should the trial court correct its error?

Appellant-defendant Richard L. Rowold challenges his conviction and sentence for Criminal Recklessness, a Class D felony.[2] Rowold claims the trial court erred in refusing to give his tendered jury instruction and in enhancing his sentence by an additional ten years for being an habitual offender.

### FACTS

On July 11, 1991, Rowold fired a shotgun at a dog but instead shot his neighbor Janet Shoaff, who was outside in her backyard, in the shoulder. Rowold was charged with

[2]. IND.CODE 35–42–2–2.

criminal recklessness and tried by a jury. At trial, the court refused Rowold's proposed instruction No. 3.

The jury found Rowold guilty of criminal recklessness and then found him to be an habitual offender based upon a 1980 federal felony conviction for mail fraud and a 1986 federal felony conviction for fraudulent use of an access device. The trial court sentenced Rowold to three years for criminal recklessness, enhanced by ten years for being an habitual offender.

### DISCUSSION AND DECISION

#### I. Jury Instruction

Rowold first contends that the trial court's denial of his tendered instruction No. 3 denied him a fair trial. Because the State failed to address this issue in its brief, curiously choosing to argue the sufficiency of the evidence instead, Rowold need only make a prima facie showing of reversible error. *See In the Matter of Paternity of R.C.* (1992), Ind.App., 587 N.E.2d 153, 155 n. 3.

■ In considering whether the trial court erred in refusing a tendered instruction, we determine whether (1) the instruction is a correct statement of the law, (2) there is evidence in the record to support the giving of the instruction, and (3) the substance of the instruction is covered by other given instructions. *Baird v. State* (1992), Ind., 604 N.E.2d 1170, 1178, *cert. denied,* —— U.S. ——, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993).

■ Rowold was charged with criminal recklessness under I.C. 35–42–2–2, which provides:

(b) A person who recklessly, knowingly, or intentionally, performs:

(1) an act that creates a substantial risk of bodily injury to another person;

commits criminal recklessness, a Class B misdemeanor. However, the offense is a:

(2) Class D felony if it is committed while armed with a deadly weapon.

IND.CODE 35–41–2–2(c) provides that "a person engages in conduct 'recklessly' if he engages in conduct in plain, conscious, and

unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct." Thus, to obtain a conviction here the State did not have to prove that Rowold intended to accomplish the result, but merely that he realized or should have realized there was a strong probability that the harm might occur. *See Wallace v. State* (1990), Ind.App., 558 N.E.2d 864, 865.

> Rowold's proposed instruction No. 3 reads: To find the Defendant guilty, you [sic] must be determined beyond a reasonable doubt that he knew of the potential harm. If you find that the Defendant was unaware of the presence of the danger you must find that he could not be reckless with regard to a potential harm unknown to him. If the evidence failed to show the knowledge of any person being or in place of potential danger you must find for the Defendant. *Wallace v. State* (1990), Ind. App., 558 N.E.2d 864.

Record at 40. Rowold's instruction incorrectly states the law in that it requires the State to prove that he knew of the potential harm in order to convict him. A correct statement of the law is that a defendant may be convicted if he knew or should have known of the potential danger. Thus, the trial court properly rejected Rowold's instruction. Rowold failed to present a prima facie showing of reversible error.[3]

## II. Sentencing

Rowold next contends that the trial court improperly enhanced his sentence by ten years for being an habitual offender under IND.CODE 35–50–2–8. The State concedes that the trial court erred in enhancing Rowold's sentence by ten years, but argues that because the trial court could have enhanced his sentence by eight years under the "little habitual offender" statute, IND.CODE 35–50–2–7.1, we should do so now.

■ Rowold was charged and found to be an habitual offender under I.C. 35–50–2–8.

To be sentenced as a "big habitual offender" under I.C. 35–50–2–8, the State had to prove beyond a reasonable doubt that either Rowold's 1980 conviction or his 1986 conviction was a class A, B, or C felony. *See* I.C. 35–50–2–8(h) (defendant may not be sentenced as an habitual offender under this section if all of the felonies relied upon are class D felonies); *see also Dickson v. State* (1993), Ind.App., 624 N.E.2d 472, 473–74.

The State presented the judgments and commitment orders from the U.S. District Court for the Northern District of Indiana showing that in 1980 Rowold was sentenced to four years for mail fraud in violation of 18 U.S.C. § 1341, and was sentenced to two years in 1986, for fraudulent use of an access device in violation of 18 U.S.C. § 1343. IND. CODE 35–50–2–1(a) provides:

> As used in this chapter, "Class D felony conviction" means a conviction of a Class D felony in Indiana and a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year. However, it does not include a conviction with respect to which the person has been pardoned, or a conviction of a Class A misdemeanor under section 7(b) of this chapter.

Under I.C. 35–50–2–1, both of Rowold's convictions are considered class D felonies for habitual offender purposes, because they are convictions from a court other than an Indiana court for which Rowold could have been sentenced to more than one year. *See also Cain v. State* (1992), Ind.App., 594 N.E.2d 835, 842–43. Because Rowold's two federal felony convictions are considered class D felonies for habitual offender purposes, the State did not prove Rowold was a "big habitual offender," and thus, the trial court improperly enhanced Rowold's sentence by ten years under I.C. 35–50–2–8.

■ However, an erroneously imposed sentence is not void; rather the trial court is

---

3. We also note that the trial court correctly instructed the jury as follows:

   You are instructed that in order to sustain a conviction, the state must have proven, beyond a reasonable doubt, that while the defendant may not have acted with intent to commit the resultant harm, he did realize or should have realized that there was a strong probability that the harm might occur.

   Record at 69.

required to correct it. *Gipson v. State* (1986), Ind., 495 N.E.2d 722, 723. Courts have a duty to correct an erroneously imposed sentence and the length of time between an original erroneous sentence and the correction thereof does not affect the court's power to correct a sentencing error. *Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342, 1344. Here, the trial court should have enhanced Rowold's sentence under I.C. 35–50–2–7.1, the "little habitual" or class D felony offender statute, thus it must correct Rowold's sentence. *See Broshears v. State* (1992), Ind.App., 604 N.E.2d 639, 645 (once the jury determines the defendant is an habitual offender, it is for the trial court to determine whether defendant should receive a "big habitual offender" enhancement or a "little habitual offender" enhancement).[4]

▮ As a general rule, the law in effect when the crime was committed controls sentencing. *Willis v. State* (1991), Ind.App., 567 N.E.2d 1170, 1172, *trans. denied.* An exception to the general rule is that when the penalty for a crime is decreased by an ameliorative amendment enacted after the commission of the crime but prior to the defendant's sentencing, the defendant may take advantage of the ameliorative provisions. *Terrell v. State* (1979), 180 Ind.App. 634, 390 N.E.2d 208, 209.

▮ Although I.C. 35–50–2–7.1 was repealed in 1993 and since then all habitual offender enhancements have been covered by I.C. 35–50–2–8, under which Rowold would receive a shorter enhancement term than he will under I.C. 35–50–2–7.1,[5] the trial court must correct Rowold's sentence applying I.C. 35–50–2–7.1. The general rule and not the exception applies here because (1) on remand the trial court will be merely correcting or modifying an existing sentence rather than resentencing Rowold, (2) I.C. 35–50–2–7.1 was in effect in 1992 when Rowold was sen-

tenced and in 1991 when he committed the instant crime, (3) Rowold was sentenced in 1992 prior to the effective date of the ameliorative provision of revised I.C. 35–50–2–8, and (4) the legislature did not specify that I.C. 35–50–2–8 shall have retroactive application. Moreover, our supreme court has continually declined to expand the scope of the exception to the circumstances here. That is, a defendant who is sentenced prior to the effective date of a statute which contains ameliorative provisions, may not take advantage of the ameliorative provisions absent specific legislative intent for retroactive application. *Terrell*, 390 N.E.2d at 209; *see also Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1322 (defendant sentenced a year prior to the effective date of revised statute not entitled to have his sentence modified pursuant to the ameliorative terms of the new statute).

▮ We also note that correcting Rowold's sentence now does not prejudice his substantial rights. When a defendant is given reasonable notice of the habitual offender charge and an opportunity to be heard on that claim, there is no prejudicial error shown from technical or procedural errors. *See Adams v. State* (1989), Ind., 539 N.E.2d 471, 472 (procedural defect in habitual offender charge not prejudicial where defendant was aware of the charge and given the opportunity to answer); *Gipson*, at 723 (procedural error in habitual offender sentence may be corrected after defendant begins serving that sentence, where resentencing did not affect defendant's legitimate expectations concerning his sentence).

▮ Here, Rowold had reasonable notice of the habitual offender charge and the two federal felony convictions upon which the State based its charge. Rowold also had the opportunity to be heard on this charge. On remand, the trial court will resentence Ro-

---

4. Under I.C. 35–50–2–7.1, which was in effect in 1992, upon conviction of an underlying class D felony, a defendant may be sentenced to eight years as a little habitual offender upon proof, beyond a reasonable doubt, that the defendant had accumulated two prior unrelated class D felony convictions. *Dickson*, at 475.

5. If I.C. 35–50–2–8(e) were applicable, the trial court would enhance Rowold's sentence by not less than the presumptive sentence for a class D felony, nor more than three times the presumptive sentence. Thus under I.C. 35–50–2–8(e), the trial court would enhance Rowold's sentence by not less than one and one-half years, but not more than four and one-half years for being an habitual offender.

wold to a shorter term based upon the same two felonies which Rowold defended himself against and upon which the jury based its habitual offender determination. Therefore, Rowold has not shown prejudicial error resulting from the procedural irregularity here.

Therefore, we remand for the trial court to correct Rowold's sentence pursuant to I.C. 35–50–2–7.1. Under 35–50–2–7.1(e), the trial court shall enhance Rowold's sentence by eight years, unless three or more years have elapsed between the date Rowold was discharged from probation, imprisonment, or parole (whichever is later) for his 1986 federal felony conviction and July 11, 1991, the date on which Rowold committed the instant crime, in which case the trial court may reduce the eight-year enhancement by up to four years.

## CONCLUSION

The trial court did not err by refusing to give Rowold's proposed jury instruction No. 3. However, the trial court improperly sentenced Rowold by applying the wrong habitual offender statute; therefore, it must correct Rowold's sentence pursuant to the provisions of I.C. 35–50–2–7.1.

Judgment affirmed in part, reversed in part, and remanded for correction of Rowold's sentence.

ROBERTSON and MILLER, JJ., concur.