Jackie RIFFE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 92A03–9606–CR–197.

Court of Appeals of Indiana.

Dec. 23, 1996.

Rehearing Denied Feb. 25, 1997.

Transfer Denied April 29, 1997.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

HOFFMAN, Judge.

Appellant-defendant Jackie Riffe appeals the sentence imposed for his convictions for robbery, as a Class A felony; battery, as a Class A misdemeanor; rape, as a Class A felony; and two counts of criminal deviate conduct, as Class A felonies.

The facts as set forth by our supreme court in *Riffe v. State*, 464 N.E.2d 333 (Ind. 1984), are as follows:

> After meeting and drinking in a bar, [Riffe] and the alleged victim, D. J., bought some beer and drove together to a secluded area, where [Riffe] beat her with his fists, stole approximately $140 from her purse, burned her breast with his cigarette, forced a tire iron or other metal object into her vagina and struck her repeatedly with it, forced his penis into her vagina and anus, and abandoned her, nude and beaten in a cornfield.

*Id.* at 334.

On September 30, 1981, Riffe was charged by information with robbery, battery, rape, and two counts of criminal deviate conduct. Riffe was tried before a jury, convicted of all five offenses, and sentenced to a total term of sixty years. At the time of Riffe's conviction and sentencing, IND.CODE § 35–50–1–2 (1981 Supp.), the sentencing statute governing consecutive and concurrent terms, provided that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively" and placed no limitation upon the court's authority to impose consecutive sentences.

At Riffe's sentencing hearing, held on April 26, 1982, the trial court imposed thirty years for each of his convictions for robbery, rape, and criminal deviate conduct, and one year for his battery conviction. The trial court ordered Riffe's robbery and battery convictions served concurrently. Riffe's convictions for rape and criminal deviate conduct were also ordered served concurrently to each other, but consecutive to the rape and battery sentences. Upon direct appeal, our supreme court affirmed Riffe's convictions.

On February 14, 1991, Riffe filed a Petition for Post–Conviction Relief alleging, *inter alia*, that the trial court failed to provide a statement of reasons for the sentence imposed. The post-conviction court denied Riffe's petition; however, it also vacated the portion of the original sentencing order requiring the rape and criminal deviate conduct sentences be served consecutive to the robbery and battery sentences, finding that the trial judge failed to include a statement "identifying the aggravating and mitigating circumstances found or the reasoning for the selected sentence."

On April 10, 1995, the trial court held a new sentencing hearing to determine solely whether the sentences originally imposed upon Riffe for his convictions for rape and criminal deviate conduct should run consecutive to the sentences imposed for his convictions for robbery and battery. Thereafter, the trial court reinstated Riffe's original sentence and provided a statement, identifying no mitigating circumstances and several aggravating circumstances, supporting its decision that Riffe's sentences should be served consecutively.

■ On July 1, 1994, the amended version of IND.CODE § 35–50–1–2 (1994 Supp.) became effective. The amendment imposed a previously nonexistent restraint upon the trial court's discretion to impose consecutive sentences. On February 9, 1996, Riffe filed a Verified Petition for Permission to File a Belated Praecipe in order to appeal the sentence imposed by the trial court in 1995. The trial court granted Riffe permission to file a belated praecipe. Thereafter, the State filed with this Court a Verified Motion to Dismiss, arguing that the trial court lacked the authority to grant Riffe permission to file a belated praecipe.[1] We denied the State's motion to dismiss. This appeal ensued.

---

1. The State argues that this Court does not have jurisdiction to consider Riffe's appeal because Riffe failed to timely file his praecipe. According to the State, a trial court may only grant a defendant leave to file a belated praecipe if he is seeking direct appeal of his conviction following a trial or plea of guilty. Here, however, Riffe sought the appeal of his resentencing order only.

Riffe petitioned the trial court for post-conviction relief. After holding a hearing, the post-conviction court denied Riffe's petition. The post-conviction court determined, however, that the trial court failed to provide a statement of reasons supporting the sentence imposed. Thus, the post-conviction court remanded the cause to determine whether Riffe's sentences should be served consecutively or concurrently. In filing his petition for permission to file a belated praecipe to appeal the trial court's resentencing, Riffe was not seeking review of the post-conviction determination. Instead, Riffe sought direct appeal of the trial court's resentencing order. The

■ On appeal, Riffe raises the following issue: whether, upon his resentencing, he was entitled to the benefit of the amended version of IND.CODE § 35–50–1–2 (1994 Supp.) which limits the consecutive sentencing a trial court may impose.

Riffe argues that the trial court erred when it failed to resentence him pursuant to the amended version of IND.CODE § 35–50–1–2 which imposed a previously nonexistent restraint upon the trial court's discretion to impose consecutive sentences. Riffe maintains that he is entitled to be resentenced under the amended version of the statute that was in effect at the time of his resentencing, because the amended statute reduces the maximum sentence to which he would be subjected.

■ The legislature fixes penalties for crimes, and a trial court's discretion in sentencing does not extend beyond the limits prescribed by statute. *Elkins v. State,* 659 N.E.2d 563, 564 (Ind.Ct.App.1995). Within statutory boundaries, sentencing is conducted at the discretion of the trial court, and a sentence will not be disturbed on appeal unless it amounts to a manifest abuse of discretion. *Id.* However, where a court imposes an erroneous sentence, courts have a duty to correct it. *Id.*

■ As a general rule, the law in effect when the crime was committed controls sentencing. *Rowold v. State,* 629 N.E.2d 1285, 1288 (Ind.Ct.App.1994). An exception to the general rule is that when the penalty for a crime is decreased by an ameliorative amendment enacted *after* the commission of the crime but *prior* to the defendant's sentencing, the defendant may take advantage of the ameliorative provisions. *Id.* (Emphases added.)

Under the version of IND.CODE § 35–50–1–2 in effect at the time Riffe committed the offense, there was no limitation as to the trial court's authority to impose consecutive sentences. The relevant portion of the amended statute, which Riffe argues he is entitled to

be sentenced under, reads that a court "may order terms of imprisonment to be served consecutively" but—except for murder and certain felonies resulting in serious bodily injuries—

> the total of the consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

IND.CODE § 35–50–1–2(c). The 1994 amendment to IND. CODE § 35–50–1–2, which imposed a previously nonexistent limitation upon the trial court's authority to impose consecutive sentences, is ameliorative in nature. *Tedlock v. State,* 656 N.E.2d 273, 276 (Ind.Ct.App.1995). Nevertheless, the trial court was correct in resentencing Riffe under the version of the statute in effect at the time Riffe committed his offenses.

In *State v. Messenger,* 650 N.E.2d 702 (Ind.Ct.App.1995), where this Court was faced with the issue of whether the underlying offense of operating while intoxicated (OWI) remained intact after the OWI with a prior conviction was vacated, we likened an enhanced conviction of OWI with a prior to the habitual offender statute. In so doing, we stated that:

> In the habitual offender context, once a defendant has been adjudicated an habitual offender, he does not receive a separate sentence for that status. Rather, the felony for which the defendant is convicted is enhanced by a number of years. [Citations omitted.] A defendant's successful challenge to the habitual offender determination does not affect the predicate offense. Rather, the enhancement is vacated but the underlying charge remains undisturbed.

*Id.* at 704.

Applying this reasoning to *Messenger,* we found that the same result was required

trial court did not err in granting Riffe permission to file a belated praecipe. *See Boykin v. State,* 622 N.E.2d 568, 569 (Ind.Ct.App.1993), *trans. denied* (on an appeal from resentencing, this Court is confined to review only the errors alleged to have occurred as a result of the resentencing order; thus, the other errors contained in a post-conviction petition cannot be addressed here because they were previously determined in the post-conviction proceeding ).

where a defendant successfully challenges the enhancement of his conviction of OWI. We held that though the advanced portion of Messenger's enhancement may be vacated, the underlying offense is left undisturbed. *Id.* Further:

> Although the [trial court's] order [vacating Messenger's conviction for OWI with a prior] is dated August 13, 1993, we do not interpret it as a judgment of conviction for a new charge as of that date. Rather, Messenger was convicted of the predicate offense of OWI as a Class A misdemeanor on April 19, 1991. Only the enhanced portion of the offense was set aside on August 13, 1993. Because Messenger's 1991 conviction of OWI was not affected by the [trial court's] order, Messenger had a prior conviction of OWI when the State filed the instant charges.

*Id.* at 704–05.

Furthermore, in *Davidovic v. State,* 408 N.E.2d 647, 651 (Ind.Ct.App.1980), this Court stated that "[i]n Indiana, sentencing is a final judgment. [Citation omitted]. If the defendant's judgment is final prior to the effective date of the [ameliorative] statute, then he cannot obtain the advantages of the ameliorative sentencing provisions." This Court stated in *Dowdell v. State,* 166 Ind.App. 395, 399, 336 N.E.2d 699, 701, n. 4 (1975), *trans. denied,* that when final judgment was entered at the time of sentencing, the statutory amendments effective after final judgment had no effect on the sentence imposed.

Here, Riffe committed the offenses for which he was convicted in September 1981, and was sentenced for the convictions in April 1982. Thereafter, Riffe filed a postconviction relief petition challenging, *inter alia,* his sentence on the ground that at the sentencing, the trial judge failed to include a statement of his reasons for selecting the sentence imposed. The post-conviction court denied Riffe's petition; however, the court also determined that the trial court failed to provide a statement of reasons supporting the sentence imposed. Upon making the determination, the post-conviction court vacated that portion of Riffe's original sentence requiring his sentences for rape and criminal deviate conduct run consecutive to his sentences for robbery and battery, and remanded the cause to the trial court stating that the sole issue to be determined at the sentencing hearing was whether the sentences originally imposed should run consecutively or concurrently.

When the trial court vacated a portion of Riffe's sentence, however, it did not set aside the convictions for the underlying offenses. Riffe was convicted of robbery, battery, rape, and criminal deviate conduct on March 24, 1982. Only the portion of the sentencing order requiring Riffe's sentences run concurrently was vacated on February 23, 1995. The trial court's order vacating a portion of Riffe's sentence did not affect his 1982 convictions or the sentences he received for each offense.

Here, the general rule, that the law in effect when the crime is committed controls sentencing, and not the exception applies because 1) on remand, the trial court merely corrected Riffe's existing sentence; 2) IND. CODE § 35–50–1–2 (1981 Supp.) was in effect in 1982 when Riffe was originally sentenced and in 1981 when Riffe committed the instant offenses; 3) Riffe was sentenced in 1982 prior to the effective date of the ameliorative provision of amended IND.CODE § 35–50–1–2; and 4) the legislature did not specify that IND.CODE § 35–50–1–2 shall have retroactive application. *See Rowold,* 629 N.E.2d at 1288 (where this Court found that ameliorative habitual offender statute did not apply to defendant because on remand his sentence would be merely corrected, the old statute was in effect at the time defendant committed offense and at the time he was sentenced, defendant was sentenced before the old statute was revised, and the legislature did not intend for the revised statute to apply retroactively).

Riffe was not entitled to the ameliorative benefits of IND.CODE § 35–50–1–2 (1994 Supp.) at his resentencing hearing. The trial court committed no error in reinstating the original sentence imposed upon Riffe.

Affirmed.

STATON, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent for the reason that here, Riffe was granted relief from the post-conviction court and was resentenced.[1] Following the resentencing hearing, at which the trial court reviewed the existence or non-existence of aggravating and mitigating circumstances, the court imposed sentences identical to those originally imposed. It is my view that at resentencing, Riffe was entitled to application of the ameliorative amendment of I.C. 35–50–1–2.

The State takes the position that at resentencing, the court merely determined whether or not to impose consecutive or concurrent sentences and that such did not "affect the terms of Defendant's sentences in any other respect." Appellee's Brief at 5. I submit that given the discretion to resentence Riffe, the trial court was at liberty to drastically modify any and all aspects of the sentences to be imposed upon the five convictions. That the court did not do so, does not alter the fact that the proceeding was a *de novo* resentencing.[2]

Numerous cases note that in resentencing a defendant, the trial court is at liberty to increase the punishment from that originally imposed. *Misztal v. State* (1993) Ind.App., 620 N.E.2d 37; *Sinn v. State* (1993) Ind. App., 609 N.E.2d 434; *Golden v. State* (1990) Ind App., 553 N.E.2d 1219; *Williams v. State* (1986) Ind.App., 494 N.E.2d 1001;

*Niece v. State* (1983) Ind.App., 456 N.E.2d 1081. The only caveat to the exercise of that discretion is that the new punishment may not be imposed out of vindictiveness. *Texas v. McCullough* (1986) 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104; *Williams, supra.* Again, that the court did not impose a more severe penalty in resentencing Riffe does not change the fact that the original sentence was vacated and a new sentence imposed. It does not alter the fact that the new sentence is subject to appellate review.

The *de novo* resentencing took place April 10, 1995, some nine months after the effective date of the ameliorative amendment to I.C. 35–50–1–2. At the time in question, the statute provided that the total of consecutive terms of imprisonment could not exceed the presumptive sentence for a felony which is one class of felony higher than the most serious of the felonies for which the defendant was convicted.

Riffe was convicted of four Class A felonies and one Class A misdemeanor. The class of felony next higher than Class A is murder. Accordingly, the consecutive sentences imposed here could not properly exceed a total of fifty years. *Salone v. State* (1995) Ind. App., 652 N.E.2d 552. The ameliorative provision of the amended statute was applicable to Riffe's resentencing. *Elkins v. State* (1995) Ind.App., 659 N.E.2d 563.

1. I fully agree with the discussion set forth in the footnote of the majority opinion. The belated appeal is a direct appeal from the resentencing order and thus does not run afoul of the stringent holding of *Howard v. State* (1995) Ind., 653 N.E.2d 1389. It is abundantly clear that a defendant is entitled to take a direct appeal from a sentence imposed as a result of a resentencing. See *Wills v. State* (1991) Ind., 578 N.E.2d 363. In this regard, the Office of the Public Defender is to be earnestly commended for its thoughtful and well-reasoned Brief in Opposition to the State's Motion to Dismiss.

2. The cases relied upon by the majority do not involve challenges to a sentence or sentences imposed upon resentencing as opposed to an original sentencing judgment. *State v. Messenger* (1995) Ind.App., 650 N.E.2d 702, (Sullivan J. dissenting) involved trial court dismissal of a charge which was based upon an enhancing prior offense which had been vacated. Although the holding of *Rowold v. State* (1994) Ind.App.,

629 N.E.2d 1285 may not have precluded a *de novo* resentencing, the appeal involved a direct challenge to the appellant's conviction and sentence. The remand order itself stated that the trial court was to correct Rowold's sentence pursuant to the habitual offender statute. It would not appear that such order contemplated a resentencing hearing. It only contemplated application of the appropriate law. *Davidovic v. State* (1980) Ind.App., 408 N.E.2d 647 involved a post-conviction attack upon a conviction and sentence which had become final prior to the effective date of an ameliorative statute. Similarly, *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699 involved an unsuccessful post-conviction challenge to a 1969 conviction and sentence. Although the Court of Appeals declined to afford relief and apply a statute which had become effective only three days before the sentence was imposed, it affirmed the denial of relief; therefore, there was no modification of sentence nor a resentencing proceeding.

The aggregate of the sentences imposed, i.e. sixty years, was excessive by ten years.[3]

---

**3.** It might be noted that the logical implication of my separate opinion would necessitate vacating the sentences imposed April 10, 1995 and conducting a resentencing pursuant to the statute as it presently exists. The statute in its current form would not necessarily benefit the defendant in terms of the aggregate years of imprisonment.