**Gordon D. HEWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 82A04–8609–CR–269.**

Court of Appeals of Indiana, Fourth District.

Feb. 11, 1987.

Ordered Published April 29, 1987.

John G. Bunner, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Gordon D. Hewell (Hewell) appeals his conviction for Corrupt Business Influence, a class C felony. IND. CODE 35–45–6–2.

We affirm.

ISSUES

Hewell presents four issues for our review. We state them as:

1. whether the trial court properly followed the law of the case;

2. whether Hewell's double jeopardy rights were violated;

3. whether the court erred in failing to dismiss the State's Second Amended Information; and

4. whether the jury verdict was contrary to law and not sustained by sufficient evidence in view of the charging information.

FACTS

Hewell was the object of a sting operation conducted by the Vanderburgh County Prosecutor's Office in late 1982 and early 1983. In November 1982, Neil Thomas (Thomas), Chief Deputy Prosecutor in Vanderburgh County, met with Danny Decker (Decker) who agreed to take part in the operation. Thomas devised a plan where Decker would offer to sell certain pieces of jewelry to the defendant, representing each item as stolen property. In exchange for his cooperation, Decker, who faced his third felony charge, would not be charged as a habitual offender.

Four times in December, 1982, and once in January, 1983, Decker transacted business with the defendant as planned. On December 1st, the defendant paid $400 for a woman's cluster diamond ring. On December 3rd, Decker, this time accompanied by his girlfriend, Cheryl Douglas, sold a man's cluster ring to the defendant. The next meeting took place on December 14th, when Decker, again accompanied by his girlfriend, offered a bracelet to the defendant who purchased it for $200. During the last meeting in December, just before Christmas, Decker sold the defendant two bracelets and a necklace. Finally, on January 19, 1983, the defendant purchased a small ring from Decker. On each of these five occasions, Decker carried a concealed transmitter which recorded the conversation taking place during the transaction. The recordings produced, however, were of poor quality and not introduced at trial. Also, while each item of jewelry offered to the defendant was represented by Decker as stolen property, it was either lawfully purchased to be used for the sting operation or was abandoned property previously turned in to the Evansville Police Department.

On January 19, 1983, after the final meeting between the defendant and Decker, the police arrested the defendant. On

the same day police searched the defendant's business, Gordon Sales, Inc., and his residence. Police found the small ring purchased that day and the lady's diamond ring previously purchased.

Hewell was first tried and convicted for corrupt business influence in 1983. However, on appeal, Judge Ratliff found an unconstitutional seizure of evidence had occurred which was subsequently admitted into evidence and ordered a new trial for Hewell. A new trial was held wherein the unconstitutionally seized items were not admitted into evidence. Again, Hewell was convicted of Corrupt Business Influence. Hewell appeals this conviction.

## DISCUSSION AND DECISION

Hewell contends the law of the case in his first appeal mandates he be acquitted on retrial. We disagree.

Law of the case designates the doctrine that an appellate court's determination on a legal issue is binding on both the trial court on remand and on the appellate court on a subsequent appeal given the same case and substantially the same facts. *Fair Share Organization v. Mitnick* (1964), 245 Ind. 324, 198 N.E.2d 765, *cert. denied* 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48; *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 607. The rule holds prior appellate decisions conclusive on all questions which have been actually considered and determined in the first appeal. *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N.E.2d 910; *Hinds, supra.*

Accordingly, we turn to Judge Ratliff's opinion in Hewell's first appeal to discover what was actually determined by the appellate court.

In *Hewell v. State* (1984), Ind. App., 471 N.E.2d 1235, the court determined stolen items of silver seized during an unlawful search of Hewell's property contributed to the verdict. An appellate court may only affirm a case in which a constitutional error was made when the error was harmless beyond a reasonable doubt. *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; *Ortez v. State* (1975), 165 Ind.App. 678, 333 N.E.2d 838, *trans. denied* 1976. Judge Ratliff did not find that to be the case here. Because improperly admitted evidence contributed to the verdict, a new trial was ordered. The law of this case is the illegally seized items could not be entered into evidence. This court made no other legal determinations, and the illegally seized evidence was not offered at the subsequent trial. Therefore, the law of the case was correctly applied by the trial court on remand.

We find no error here.

Hewell next contends the court erred in subjecting him to retrial on the same charges after this court had reversed his original conviction. We cannot agree.

Hewell admits in his appellate brief the reversal of his conviction for trial error as opposed to insufficient evidence would not violate his double jeopardy rights. (Appellant's Br. 29). *See Burks v. United States* (1978), 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 1. A defendant is not entitled to discharge when a new trial is ordered to rectify a trial error. *Richardson v. State* (1985), Ind.App., 486 N.E.2d 1058, 1065; *Williams v. State* (1982), Ind., 442 N.E.2d 1063.

Hewell claims his first conviction was reversed on grounds of insufficient evidence. Where the reviewing court finds a clear failure of proof by the State, the only remedy is to direct an acquittal. *Suits v. State* (1983), Ind.App., 451 N.E.2d 375. Hewell is incorrect in this claim.

Hewell's first conviction was reversed to rectify trial error, namely the admission of improperly seized evidence. The court did not rule upon the sufficiency of the evidence. Therefore, there was no double jeopardy violation here.

Next, Hewell contends the trial court erred in refusing to dismiss the State's Second Amended Complaint. Hewell claims the complaint fails to allege two elements of the offense of receiving stolen property. We disagree.

Hewell was convicted of Corrupt Business Influence. IC 35–45–6–2 which

requires the State to prove a pattern of racketeering activity. A pattern of racketeering activity is established when the state proves the defendant engaged in at least two instances of similar intent, result, accomplice, victim or method of commission or are otherwise interrelated by distinguishing characteristics that are not isolated incidents. IC 35–45–6–1. Furthermore,

"Racketeering activity" means to commit, to attempt to commit, or to conspire to commit a violation, or aiding and abetting in a violation of . . . theft (IC 35–43–4–2), receiving stolen property (IC 35–43–4–2) . . . IC 35–45–6–1.

Hewell contends since the property purchased was not stolen property, he was not properly charged with the predicate crimes upon which his conviction was based. In essence, Hewell claims because he did not commit the predicate crimes the information must fail.

Hewell ignores the plain language of the racketeering statute which allows for conviction of undue business influence when the State proves the defendant *attempted* to commit at least two of the predicate offenses.

 The Second Amended Complaint was sufficient to inform Hewell he was being charged with attempted receipt of stolen property. We agree with his contention the State could not prove receipt of stolen property; however, the State charged and proved the offense of attempted receipt of stolen property.[1] Hewell attacks the information because it is legally impossible to convict him of receiving stolen property. However, he may be convicted of attempted receipt of stolen property which is a predicate crime for the racketeering offense.

Accordingly, we find no error here.

Finally, Hewell challenges the sufficiency of the evidence to prove the predicate crimes for racketeering under which he was charged. Hewell was charged with attempting to receive and retain stolen property. The property was specifically described along with the dates of the purchases by Hewell. It was specifically averred that Hewell believed the items purchased were stolen. However the State claims the commission of these acts constituted a substantial step of the crime of theft. Hewell claims the acts constituted a substantial step of the crime of receiving stolen property, not theft. Therefore, Hewell argues, he was not properly apprised of the crimes for which he was being charged. The question becomes whether attempting to receive and retain stolen property is a substantial step towards the commission of theft. It is.

Judge Shields recently held receiving stolen property is theft.

This raises the issue of whether evidence sufficient to sustain a conviction of receiving stolen property under subsection (b) is sufficient to sustain a conviction pursuant to subsection (a) of the theft statute. We hold it is. It is well established in Indiana that subsection (a) of the theft statute, which makes it an offense to knowingly exert unauthorized control over property of another, comprehends a broad field of conduct including any other narrowly defined activity specifically enumerated in the statute, such as receiving stolen property. (Citations omitted).

*Nash v. State* (1982), Ind.App., 433 N.E.2d 807, 813. Accordingly, we find no error here.

The trial court is in all things affirmed.

MILLER, J. concurs.

HOFFMAN, J. (sitting by designation) concurs.

---

1. Attempted receipt of stolen property is found when the defendant believes the property he buys is stolen. Since the property being bought was not stolen, it was legally impossible for Hewell to be convicted of receipt of stolen property. However, the legal impossibility merely reduces the charge from receipt of stolen property to attempted receipt of stolen property. *See King v. State* (1984), Ind.App., 469 N.E.2d 1201, Conover, J. dissenting, *trans. denied; State v. Gillespie* (1981), Ind.App., 428 N.E.2d 1338.