**Robert E. BOYKIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9303–CR–147.**

Court of Appeals of Indiana, Third District.

Oct. 28, 1993.

Transfer Denied Dec. 7, 1993.

Robert E. Boykin, pro se.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Robert E. Boykin appeals his resentencing after a previous decision on post-conviction proceedings. In a memorandum decision, 49A02–9203–PC–104, this Court determined that the post-conviction court properly denied Boykin's post-conviction petition. However, this Court also determined that Boykin was improperly sentenced on the habitual offender count. 597 N.E.2d 393. In remanding the cause for a corrected sentence, this Court stated:

"Because Boykin can receive the same total executed sentence on resentencing, the correction of his sentence does not require the withdrawal of his guilty plea. *See Willis v. State* (1986), Ind.App., 498 N.E.2d 1029. Boykin can be sentenced to a one year term on his theft count, enhanced by ten years under IC 35–50–2–8(e), so he will receive the 14–year executed sentence to which he was originally sentenced and to which he agreed."

The record does not reflect and Boykin does not indicate that he requested rehearing or transfer of the decision by this Court.

■ In this latest appeal, Boykin raises numerous errors. Because this appeal is from the resentencing, this Court is now confined to review of only the errors alleged to have occurred as a result of the resentencing. Boykin's other alleged errors will not be addressed here because they were previously determined, or were available for determination, in the post-conviction proceeding and the appeal related to that proceeding. *Cf. McBride v. State* (1992), Ind.App., 595 N.E.2d 260, 262 (error available on direct appeal but not raised, deemed waived in subsequent post-conviction proceeding).

■ Unfortunately, Boykin's main contention appears to be that the court below erroneously resentenced him pursuant to IND.CODE § 35–50–2–8(e). The court merely complied with the decision of this Court on remand. Boykin failed to request rehearing or transfer of the previous decision by this Court. This failure precludes further consideration of the matter. *See Pinkston v. State* (1985), Ind.App., 479 N.E.2d 79, 81 (failure to seek transfer from adverse ruling precludes later presentation of error on same ground). The decision became the law of the case.

It is also worthy of note that the previous decision did not alter Boykin's term of imprisonment and that Boykin does not now argue that the term is incorrect. Instead Boykin argues that the decision incorrectly named the statute under which he was resentenced. Consequently our inability to review the issue, due to Boykin's failure to adhere to the appropriate method for presentation of the alleged error, does not adversely affect Boykin.

There being no finding of reversible error, the decision of the court below on remand is affirmed.

Affirmed.

STATON and NAJAM, JJ., concur.