Dagoberto **MEJIA**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A05–9710–CR–440.

Court of Appeals of Indiana.

Dec. 11, 1998.

---

Alan K. Wilson, Public Defender, Muncie, for appellant-defendant.

Jeffrey A. Modisett, Attorney General, Rosemary L. Borek, Deputy Attorney General Indianapolis, for appellee-plaintiff.

## OPINION

MATTINGLY, Judge.

Dagoberto Mejia (Mejia) was convicted after a jury trial of two counts of delivering cocaine within 1,000 feet of a public park, both Class A felonies. On appeal, he raises the following issues:

1) Whether the trial court erred by refusing to grant his motion to strike the venire of jurors;

2) Whether the trial court erred by admitting, over a hearsay objection, evidence of serial numbers taken from currency;

3) Whether the trial court erred by failing to provide him a translator at his sentencing hearing; and

4) Whether the trial court erred by sentencing him without a written presentence report.

We affirm in part and remand in part.

## FACTS AND PROCEDURAL HISTORY

On August 6, 1996, a confidential informant purchased cocaine from Mejia and Angelberto Deleon–Canju (Canju) at a motel in Muncie.[1] The informant told Mejia and Canju that he would contact them about money he owed them and about purchasing more cocaine. Later that day, the informant found Canju and Mejia in the hotel lounge. The informant went to Canju's and Mejia's room and purchased more cocaine. Both Mejia and Canju were charged with delivering cocaine within 1,000 feet of a public park, in violation of Indiana Code Section 35–48–4–1(a)(1). Mejia and Canju were tried together and convicted. Further facts will be provided as needed.

## DECISION AND DISCUSSION

### 1. *Failure to Strike Venire of Jurors*

Before trial, at least one person who had been summoned for jury duty contacted the trial court and asked to be excused from jury duty because he had planned a business trip. The court administrator's office told the potential juror that, to be excused from jury duty, he would have to obtain the consent of defense counsel in the case. Even though this potential juror was unable to reach defense counsel, he did not appear for jury duty. Just before commencement of the trial, Mejia's counsel moved to strike the entire venire and replace it with a new venire composed of persons who had not been directed to contact defense counsel with requests to be excused from jury duty.[2] The trial court summarily denied the motion.

Mejia contends the trial court's practice of referring venirepersons to defense counsel for possible excusal from jury duty constitutes reversible error because it violates due

process and places defense counsel in an untenable and embarrassing position.

■ Indiana Code Section 33–4–5–9 provides that prospective jurors shall be called to the jury box in the order in which their names were drawn by jury commissioners. Failure to follow this procedure, however, is not automatic grounds for reversal unless the noncompliance was in bad faith or was objected to promptly, and was harmful to the substantial rights of the objecting party. *See Russelburg v. State,* 529 N.E.2d 1193, 1196 (Ind.1988) (citing Ind.Code § 33–4–5–9(e)).

■ We agree that a trial court's procedure which requires venirepersons with conflicts to contact counsel and allows counsel to excuse venirepersons from jury duty departs from statutory jury selection procedures. However, because Mejia has not shown any harm or bad faith,[3] he is not entitled to have his conviction reversed on this ground. With no showing of harm to a defendant, the trial court's technical noncompliance with the statutory requirements for jury selection does not amount to reversible error. *Id.* Nevertheless, we feel compelled to caution the trial court that departure from the procedure set forth by statute for selecting and excusing venirepersons merely creates opportunity for error in the future.

### 2. *Admission of Hearsay*

During trial, the trial court admitted into evidence State's Exhibit 5, a handwritten list of serial numbers of money given to the confidential informant to make the second drug buy, and State's Exhibit 7, a photocopy of the actual currency given to the informant to make the first drug buy.

At trial, Officer Allen Williams testified he recovered $120.00 from Canju during his arrest. Officer Williams then gave that money to Officer Todd Dailey. Officer Dailey testified that, when he received the money from Officer Williams, he compared the serial numbers on the recovered money to those on

---

1. The motel is located about 800 feet from a public park owned by the City of Muncie.

2. Canju's counsel joined in the motion to strike the venire.

3. Mejia admits that he cannot demonstrate harm. Brief of Appellant at 12. His brief does not allege bad faith.

the photocopy and list. Officer Dailey put asterisks next to some of the serial numbers of the exhibits to indicate money which had the same serial numbers as the currency recovered by Officer Williams. Officer Dailey also made handwritten notations on the exhibits which indicated that Williams had recovered the currency. Mejia's counsel objected to the admission of both exhibits on the basis of hearsay.

[redacted] The decision to admit evidence is within the sound discretion of the trial court and is afforded a great deal of deference on appeal. *Bacher v. State,* 686 N.E.2d 791, 793 (Ind.1997). Mejia argues that Officer Dailey's handwritten notations that the currency was recovered by Officer Williams constitute inadmissible hearsay. We disagree. Indiana Evidence Rule 803(5) provides that a memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to testify, shown to be made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge is admissible as an exception to the hearsay rule.

In this case, Officer Dailey testified that he made the asterisks and the notations on the exhibits while he was examining the money he received from Williams. Thus, Officer Dailey had personal knowledge of the serial numbers of the currency given to him by Officer Williams when he made those notations. As a result, these exhibits were admissible as recorded recollections. *See Crane v. State,* 436 N.E.2d 895, 896 (Ind.Ct. App.1982) (doctor's notes made during office visit admissible.) The trial court did not err in admitting these exhibits.

3. *Failure to Provide Interpreter*

[redacted] Mejia's native language is Spanish. He argues the trial court erred by failing to provide an interpreter at his sentencing hearing and by failing to require a written presentence report. An indigent defendant who cannot speak or understand English has the right to have his proceedings simultaneously translated for effective participation. *Martinez Chavez v. State,* 534 N.E.2d 731, 736 (Ind.1989).

[redacted] Mejia requested a translator for his sentencing hearing. The trial court responded to his request as follows:

> He's done quite well throughout these proceedings. I see no particular need, unless that situation would present itself, I would propose that we proceed.

R. at 805.

Thus, the trial court expressed a willingness to appoint a translator should Mejia's need for one become apparent. Our review of the record reveals that Mejia demonstrated during the proceedings against him that he did speak and understand English. Before trial, Mejia wrote to the trial court several times and filed a *pro se* motion in English. During his initial hearing, he translated several of Canju's responses into English for the trial court. At trial, he testified in English with minimal assistance from a translator. He even told the trial court he did not need a translator to read him a letter when the trial court suggested he use a translator if he could not understand the letter.

Further, during the sentencing hearing, neither Mejia nor his counsel advised the court of any communication problem that prevented Mejia from understanding the proceeding. We affirm the trial court's sentencing of Mejia without an interpreter, as the record shows Mejia's right to be present and participate in his sentencing hearing was adequately protected.

4. *Failure to Require Written Presentence Report*

Mejia was sentenced after the trial court considered an oral presentence report presented at the sentencing hearing. Mejia argues the trial court erred by sentencing him without a written presentence report. Indiana Code Section 35–38–1–8(a) provides that "a defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court." Further, Indiana Code Section 35–38–1–12(b) provides that a defendant is entitled to a copy of a presentence report, or a statement of its factual contents, "sufficiently in ad-

vance of sentencing so that the defendant will be afforded a fair opportunity to controvert the material included." *Id. See also May v. State*, 578 N.E.2d 716, 724 (Ind.Ct. App.1991).

■ The record in the instant case refers only to an oral presentence report having been given. No written presentence report is included in the record. As such, we are unable to determine whether the defendant was aware of the report's contents before sentencing, or whether the sentencing court properly considered a written report. As a result, the trial court's sentencing of Mejia did not comply with Indiana Code Sections 35–38–1–8(a) and 35–38–1–12(b).

The State contends that, under *Woodcox v. State*, 591 N.E.2d 1019, 1024 (Ind.1992), a defendant is not entitled to a written presentence report. Brief of Appellee at 9. We do not read *Woodcox* so broadly. In *Woodcox*, there was a written presentence report; the issue was whether a deficient presentence report violated the defendant's right to due process. Our supreme court indicated that it was "incumbent upon the defendant to demonstrate how he was prejudiced by the omissions from the report." *Woodcox*, 591 N.E.2d at 1024. In the present case, since there was no written report, it would be difficult for the defendant to show in what ways he might have been prejudiced. That showing was denied him by the court's error in accepting an oral presentence report.

The State also argues that Mejia specifically told the court that he did not object to the use of an oral presentence report. In fact, it was Mejia's counsel who agreed to the use of an oral presentence report. In order to avoid the subsequent presentation of an inadequacy of counsel argument, we hereby remand to the trial court for a new sentencing hearing. *May*, 578 N.E.2d at 724. We further instruct the sentencing court to comply with the provisions of Indiana Code Sections 35–38–1–8(a) and 35–38–1–12(b).

Affirmed in part, remanded in part.

FRIEDLANDER and NAJAM, JJ., concur.