Gary BECKER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9901–CR–35.

Court of Appeals of Indiana.

Nov. 24, 1999.

Patricia Caress McMath, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Defendant–Appellant Gary Becker ("Defendant") appeals from the trial court's order resentencing him for his convictions after a jury trial of criminal deviate conduct, a Class B felony, Ind.Code § 35–42–4–2; two counts of attempted criminal deviate conduct, Class B felonies, Ind.Code §§ 35–41–5–1 & 35–42–4–2; rape, a Class B felony, Ind.Code § 35–42–4–1; escape, a Class C felony, Ind.Code § 35–44–3–5; criminal confinement, a Class D felony, Ind.Code § 35–42–3–3; and battery, a Class A misdemeanor, Ind.Code § 35–42–2–1.

We vacate the sentence and remand.

### ISSUES

The parties present the following restated issues for our review:

I. Whether the Court of Appeals has jurisdiction to decide an appeal taken after the trial court allowed Defendant to file a belated praecipe from his resentencing.

II. Whether Defendant is precluded by the doctrine of the law of the case from challenging the trial court's resentencing order or if Defendant waived the resentencing issue by failing to raise it in his first direct appeal.

III. Whether the trial court erred by imposing consecutive sentences in excess of its authority under Ind.Code § 35–50–1–2(a).

### FACTS AND PROCEDURAL HISTORY

Defendant was tried by jury and convicted of rape, a Class B felony, criminal deviate conduct, a Class B felony, two counts of attempted criminal deviate conduct, Class B felonies, criminal confinement, a Class D felony, escape, a Class C felony, and battery, a Class A misdemeanor. Defendant received enhanced, consecutive sentences totaling ninety-two years. Defendant's convictions were affirmed on appeal, but the matter was remanded to the trial court for resentencing. *See Becker v. State,* 695 N.E.2d 968 (Ind.Ct.App. 1998).

A resentencing hearing was held on October 6, 1998. The trial court, again, enhanced the sentences and ordered them to run consecutively for a total of ninety-two years. A belated praecipe was filed on January 11, 1999.

Additional facts will be provided below.

## DISCUSSION AND DECISION
### I. LACK OF JURISDICTION

The State previously filed with this court the "State's Verified Motion to Dismiss Appeal or, in the Alternative, to Grant an Emergency Extension of Time to File Brief of Appellee." The motion was denied by this court on June 17, 1999, and the request for an extension of time was granted. In that motion the State argued as it does now that we should dismiss this appeal for lack of jurisdiction. We disagree.

▆▆▆ We agree with the State's argument that the timely filing of a praecipe is a jurisdictional prerequisite, and failure to conform with the applicable time limits results in forfeiture of the appeal. *See Neville v. State*, 694 N.E.2d 296, 297 (Ind. Ct.App.1998). Indiana Post–Conviction Rule 2 provides the procedure for obtaining permission to file a belated direct appeal from convictions after trial, but it does not allow belated appeal of other post-judgment petitions. *See Greer v. State*, 685 N.E.2d 700, 702 (Ind.1997); *Howard v. State*, 653 N.E.2d 1389 (Ind. 1995). P–C.R. 2(1) removes a trial court's authority to permit belated praecipes to be filed in other than direct appeals of convictions. *See Howard*, 653 N.E.2d at 1389.

▆▆▆ The State argues that we should dismiss this appeal because the trial court lacked the authority to grant Defendant's request to file a belated praecipe. The State advances the argument that Defendant is appealing from his resentencing which is not from a conviction after trial.

We previously have upheld trial court decisions to grant requests to file belated praecipes to appeal from a resentencing order. *See Riffe v. State*, 675 N.E.2d 710, 711 n. 1 (Ind.Ct.App.1996), *trans. denied; Boykin v. State*, 622 N.E.2d 568, 569 (Ind. Ct.App.1993), *trans. denied.* Therefore, we will not dismiss this appeal for lack of jurisdiction.

### II. LAW OF THE CASE & WAIVER

▆▆▆ The State argues that the issue Defendant raises is precluded by the doctrine of the law of the case. That doctrine provides that an appellate court's determination of a legal issue is binding on the trial court on remand and on this court in any subsequent appeal in the same case and involving substantially the same facts. *Callis v. State*, 684 N.E.2d 233, 237 (Ind. Ct.App.1997), *trans. denied.* Further, prior appellate decisions are conclusive on all questions which have been actually considered and determined in a first appeal. *Hewell v. State*, 507 N.E.2d 241, 243 (Ind. Ct.App.1987).

▆▆▆ The State also argues that Defendant has waived this issue for review. On an appeal from resentencing, the appellate court is confined to reviewing only the errors alleged to have occurred as a result of the resentencing. *Boykin v. State*, 622 N.E.2d at 569. If an issue was available for litigation in direct appeal but was not in fact raised, then the issue has been waived. *McBride v. State*, 595 N.E.2d 260, 262 (Ind.Ct.App.1992).

▆▆▆ However, as we stated in Defendant's first direct appeal to this court, appellate courts are duty bound to correct sentences which violate the trial court's statutory authority to issue consecutive sentences under Ind.Code § 35–50–1–2. *See Becker*, 695 N.E.2d at 973; *Sinn v. State*, 609 N.E.2d 434, 436 (Ind.Ct.App. 1993), *trans. denied.* Moreover, as Defendant points out, if a sentence is not authorized by statute, it is fundamental error and may be raised at any time. *Rhodes v. State*, 698 N.E.2d 304, 307 (Ind.1998).

■ We disagree with the State's argument that the issue raised in this appeal has already been decided by this court in Defendant's previous appeal. One of the issues raised in the previous appeal was whether the trial court erred in imposing consecutive sentences in excess of its authority under Ind.Code § 35–50–1–2. *See Becker*, 695 N.E.2d at 974. Defendant argued that because there was no finding of serious bodily injury to the victim, the trial court lacked authority to impose consecutive sentences. We found the trial court had the authority to enter consecutive sentences but remanded the case to the trial court for the purpose of specifically entering a finding of serious bodily injury, and modifying the sentence if necessary. *See Becker*, 695 N.E.2d at 975.

Defendant's argument regarding his resentencing is different. Defendant argues that the exception to the 1994 version of Ind.Code § 35–50–1–2 allows a trial court to order sentences to run consecutively for those crimes where the penalty was enhanced due to the serious bodily injury knowingly or intentionally inflicted by the defendant upon the victim. Otherwise, a defendant may receive a sentence for crimes arising out of an episode of criminal conduct not in excess of the presumptive sentence for a felony which is one class of felony higher than the most serious of the felonies for which the defendant was convicted.

■ Therefore, we conclude that Defendant's argument is not precluded by the law of the case. Further, because this issue involves a review of statutory authority for a sentence, it is one of fundamental error. This issue was not waived by Defendant because it can be raised at any time.

## III. CONSECUTIVE SENTENCES

■ At the time of Defendant's conviction Ind.Code § 35–50–1–2, the 1994 version, read as follows:

The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total of the consecutive terms of imprisonment, ....to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind.Code § 35–50–1–2(a) (1994); P.L. 164–1994. Defendant argues that since the penalties imposed for the crimes he committed were not enhanced, the trial court was restricted by statute to impose a sentence no greater than the presumptive sentence for a Class A felony in 1994, or twenty-five years, for the episode of sex offenses, and eight years for the Class C felony and 1 year for the battery, a Class A misdemeanor, or nine years, for the episode of criminal conduct involving battery and escape. Defendant argues that the trial court is limited to ordering a maximum sentence of thirty-four years. We agree with Defendant.

As Defendant points out in his brief, he was not convicted of felonies for which he received an enhanced penalty because the felony resulted in serious bodily injury to the victim. While it is true that the trial court enhanced the sentences for each of the crimes beyond the presumptive sentences, the Defendant is correct that the penalties were not enhanced due to the knowing or intentional infliction of serious bodily injury. The examples Defendant used in his brief help to illustrate the point. Battery is a Class B misdemeanor, but the penalty is enhanced to a Class C felony if serious bodily injury results. *See* Ind.Code § 35–42–2–1(a)(3). Rape is a Class B felony, but the penalty is enhanced

to a Class A felony if serious bodily injury results. *See* Ind.Code § 35–42–4–1(b)(3).

The crimes as charged against Defendant did not require proof of serious bodily injury in order to enhance the penalty. Our reading of the statute leads us to the conclusion that the trial court erred by applying the exception language of the consecutive sentence statute when determining Defendant's sentence. The trial court should have ordered Defendant to serve an aggregate sentence of thirty-four years.

## CONCLUSION

The trial court erred by ordering that Defendant's aggregate sentence should total ninety-two years. Defendant was not convicted of a crime where the penalty was enhanced due to the infliction of serious bodily injury on the victim. Defendant should have been sentenced to thirty-four years. Therefore, we remand this case for correction of Defendant's sentence.

We vacate Defendant's sentence and remand this case for resentencing consistent with this opinion.

GARRARD, J., and BAILEY, J., concur.