Michael A. **SANDERS**, Appellant–Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 27A02–0409–PC–780.

Court of Appeals of Indiana.

March 16, 2005.

Michael A. Sanders, Carlisle, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Justin F. Roebel, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Michael Sanders appeals the trial court's granting of the State's second petition for reimbursement of investigative costs. We reverse.

### Issue

Sanders raises two issues. We address the dispositive issue, which we restate as whether the trial court properly granted the State's petition for investigative costs that was filed after we reversed the granting of an earlier motion for release/application of funds because it was not timely filed.

### Facts

On November 21, 2002, Sanders was arrested for possession of and dealing in cocaine. When he was arrested he had $2,496.00 in his possession. On August 20, 2003, Sanders was convicted of dealing in cocaine, maintaining a common nuisance, and possession of marijuana. On September 26, 2003, the State filed a motion for release/application of the $2,496.00 pursuant to Indiana Code Section 34–24–1–1. The trial court granted this motion and allowed the State to seize the funds.

On direct appeal, Sanders' convictions were affirmed, but the trial court's granting of the State's motion for release/application of funds was reversed because the motion was not timely filed.[1] *Sanders v. State*, 27A05–0401–CR–30, slip op. at 6, 812 N.E.2d 871 (Ind. Ct.App. June 28, 2004). On July 8, 2004, the trial court issued an order vacating its earlier order. On August 5, 2004, the State filed a petition for reimbursement of investigative costs. Like the State's motion for application/release of funds, the petition request-

ed that the State be reimbursed for the costs of the investigation that resulted in Sanders' arrest. On August 20, 2004, the trial court granted the State's motion. Sanders now appeals.

### Analysis

Sanders argues that the State was precluded from filing its petition for investigative costs because we have already held that a similar motion was not timely filed. On appeal, the State essentially concedes this issue and points out, "the State finds no authority to allow the trial court to order reimbursement following remand on appeal." Appellee's Br. p. 3.

Although the State's second request was characterized as one for "investigative costs," it clearly was an action for reimbursement of law enforcement costs pursuant to Indiana Code Section 34–24–1–3. Moreover, it is substantively the same as the State's earlier motion. We have already concluded the trial court improperly granted the motion because the action was brought almost ten months after the seizure occurred. The statute requires that an action be brought within 180 days of the seizure. Ind.Code § 34–24–1–3(a). Our previous holding is now the law of the case and binding on all the parties and the trial court. *Becker v. State*, 719 N.E.2d 858, 860 (Ind.Ct.App.1999) (recognizing that the doctrine of the law of the case provides that an appellate court's determination of a legal issue is binding on the trial court on remand and on this court in any subsequent appeal in the same case and involving substantially the same facts).

Despite our earlier ruling, the State refiled the same motion. The State provides no explanation for its actions and we cannot attempt to ascertain why it thought such a request would be permissible a

---

1. In that appeal, the State conceded that it was not timely filed and asked us to remand with instructions to vacate the forfeiture issue.

second time around, especially given that almost an entire year had passed since it filed the first untimely motion. What was improper on direct appeal is still improper and the recaptioning of a petition cannot and does not change the relief requested in the petition. The trial court erroneously granted the State's petition for investigative costs.[2]

### Conclusion

The trial court improperly granted the State's petition for investigative costs, which was refiled after we ruled that a similar motion was untimely filed. We reverse.

Reversed.

DARDEN, J. and MAY, J. concur.

---

**2.** Because the trial court improperly granted the motion, we need not address Sanders' claim that the trial court granted the motion without giving him an opportunity to respond to the State's petition.