Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 27 2013, 10:08 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CLEVERLY LOCKHART**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLEVERLY LOCKHART, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1304-CR-384 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Thomas Lett, Special Judge
Cause No. 34C01-9406-CF-40

**December 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Cleverly Lockhart appeals from the trial court's denial of his petition for permission to file a belated notice of appeal.

We reverse and remand for further proceedings consistent with this opinion.

Following a 1995 jury trial, Lockhart was convicted of four counts of child molesting, three as class B felonies and one as a class C felony. The trial court sentenced Lockhart to twenty years on each class B felony and eight years on the class C felony, with all terms to be served consecutively. Based on its conclusion that the crimes were part of a single episode of criminal conduct under Ind. Code Ann. § 35-50-1-2 (West, Westlaw current through 2013 1st Reg. Sess. And 1st Reg. Technical Sess.), however, the trial court reduced the aggregate sentence to thirty years.

Lockhart appealed his convictions and sentence, and this court affirmed the convictions but remanded for resentencing. *Lockhart v. State*, 671 N.E.2d 893 (Ind. Ct. App. 1996). With respect to Lockhart's sentence, this court held that the trial court had considered improper aggravating circumstances and erroneously reduced Lockhart's sentence based on an incorrect finding that the molestations were part of a single episode of criminal conduct. A new sentencing hearing was held on April 15, 1998, and Lockhart received an aggregate sentence of fifty-three years.

Lockhart, who had been represented by counsel at resentencing, did not file a notice of appeal following the hearing. Instead, on April 27, 1998, Lockhart filed a pro se petition for post-conviction relief pursuant to Ind. Post-Conviction Rule 1, which he amended in July 2004. After several hearings, Lockhart's petition for post-conviction relief was denied on

March 27, 2009. Lockhart appealed, and this court affirmed the denial of his petition in an unpublished memorandum decision. *Lockhart v. State*, No. 34A05-0905-PC-293 (Ind. Ct. App. Nov. 10, 2009). Then, in March 2012, Lockhart filed a pro se motion to correct erroneous sentence, in which he argued that the trial court on resentencing did not abide by the conditions of a sentencing agreement. The trial court denied Lockhart's motion to correct erroneous sentence, and this court affirmed in another unpublished memorandum decision. *Lockhart v. State*, No. 34A04-1204-CR-226 (Ind. Ct. App. Aug. 13, 2012).

Thereafter, on April 1, 2013, Lockhart filed a pro se petition for permission to file a belated notice of appeal. Without holding a hearing, the trial court denied Lockhart's motion the next day. Lockhart now appeals.

Lockhart argues that the trial court erred in denying his petition for permission to file a belated notice of appeal pursuant to Ind. Post-Conviction Rule 2. As a general matter, a trial court's ruling on a petition for permission to file a belated notice of appeal will be reviewed for an abuse of discretion. *Moshenek v. State*, 868 N.E.2d 419 (Ind. 2007). Where, however, the trial court does not hold a hearing before ruling on such a petition, the appellate court owes no deference to the trial court's decision and reviews it *de novo*. *Russell v. State*, 970 N.E.2d 156 (Ind. Ct. App. 2012), *trans. denied*. Because the trial court denied Lockhart's petition without holding a hearing, we review its decision *de novo*.

P-C.R. (2)(1)(a) provides as follows:

An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
      (1)    the defendant failed to file a timely notice of appeal;

3

(2)    the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3)    the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The rule defines an "eligible defendant" as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2. The rule also gives a defendant the right to appeal a trial court's denial of permission to file a belated notice of appeal. *Id.*

In its written order denying Lockhart's petition for permission to file a belated notice of appeal, the trial court offered the following rationale:

> The Defendant having filed his Verified Petition for Belated Notice of Appeal, the court finds that the requirements of PC 2 (1) (a) have not been met in that the Defendant did file a timely Notice of Appeal in this cause, and that there are no other final Orders from which to appeal which have not been appealed.

*Appellant's Appendix* at 108. Thus, the trial court concluded that Lockhart had not satisfied the first requirement of P-C.R. 2(1)(a) because he had, in fact, filed a timely notice of appeal. The trial court further found that there were no other appealable orders that had not been appealed. The trial court, however, appears to have overlooked the April 1998 resentencing order, from which no timely notice of appeal was filed. The resentencing order was clearly a final order that Lockhart had the right to challenge on direct appeal. *See, e.g., Boykin v. State*, 622 N.E.2d 568 (Ind. Ct. App. 1993) (noting that on direct appeal from resentencing order, the appellate court is confined to review only errors that occurred as a result of resentencing), *trans. denied*. Moreover, this court has acknowledged that a defendant may

belatedly appeal a resentencing order, notwithstanding the fact that the defendant has previously appealed from the original sentencing order. *See Becker v. State*, 719 N.E.2d 858 (Ind. Ct. App. 1999); *Riffe v. State*, 675 N.E.2d 710 (Ind. Ct. App. 1996), *trans. denied*. Thus, the trial court's finding that Lockhart had filed a timely notice of appeal and that "there are no other final Orders from which to appeal which have not been appealed" is not supported by the record. *Appellant's Appendix* at 108.

Similarly, the State argues on appeal that Lockhart is not an "eligible defendant" because he has already had a direct appeal in this matter; presumably, the State refers to Lockhart's direct appeal of the original sentencing order. But the State fails to appreciate the significance of Lockhart's resentencing in 1998. Lockhart would, but for his failure to do so in a timely manner, have had the right to challenge the 1998 resentencing order by filing a notice of appeal. *See* P-C.R. 2 (defining an "eligible defendant" as one "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction *or sentence* entered after a trial or plea of guilty by filing a notice of appeal" (emphasis supplied)). Allowing Lockhart to pursue a belated appeal would not, as the State suggests, give him "a second bite at the apple" with respect to the 1998 resentencing order because Lockhart never had a direct appeal of that order. Moreover, as we explained above, this court has acknowledged a defendant's eligibility to pursue a belated appeal of a resentencing order under these circumstances.[1]

---

[1] We note that this case differs from *George v. State*, 862 N.E.2d 260 (Ind. Ct. App. 2006), which the State cites on appeal. In that case, the defendant filed a timely notice of appeal, which was subsequently dismissed for failure to timely file an Appellant's Brief or request an extension of time to do so. Thereafter, the defendant sought permission to file a belated notice of appeal pursuant to P-C.R. 2(1)(a), which the trial court

Additionally, the State seems to suggest that Lockhart is not entitled to a belated appeal of the resentencing order because he has appealed the denial of his petition for post-conviction relief and the denial of his motion to correct erroneous sentence.[2] These avenues for relief, however, are not substitutes for direct appeal. Indeed, many claims available on direct appeal are not properly raised through a petition for post-conviction relief or a motion to correct erroneous sentence. *See Moshenek v. State*, 868 N.E.2d at 422 (noting that "the proper procedure for contesting a trial court's sentencing decision where the trial court has exercised sentencing discretion [is] a direct appeal and not a proceeding under Post-Conviction Rule 1"); *Robinson v. State*, 805 N.E.2d 783 (Ind. 2004) (holding that claims of sentencing error requiring consideration of matters outside the face of the sentencing judgment may not be presented by way of a motion to correct erroneous sentence). Nothing in the language of P-C.R. 2(1)(a) suggests that a defendant who appeals from the denial of a petition for post-conviction relief and/or a motion to correct erroneous sentence thereby forfeits his right to pursue belated direct appeal, and the State cites no authority to that effect.

---

granted. This court held that the trial court erred in granting the petition because the requirements of P-C.R. 2(1)(a) were not satisfied in light of the defendant's timely filing of a notice of appeal. Nevertheless, the court considered the defendant's appeal pursuant to P-C.R. 2(3), which allows a defendant who has timely filed a notice of appeal to seek permission to pursue a belated appeal where no appeal was perfected or the appeal was dismissed. Here, Lockhart did not file a notice of appeal following his April 1998 resentencing, so P-C.R. 2(1)(a) is the proper vehicle for him to pursue a direct appeal of the 1998 resentencing order.

2 The State asserts that Lockhart has "already taken and received a timely motion to correct error." *Appellee's Brief* at 7. It appears, however, that the State is referring to Lockhart's 2012 motion to correct erroneous sentence filed pursuant to Ind. Code Ann. § 35-38-1-15 (West, Westlaw current through 2013 1st Reg. Sess. & 1st Reg. Technical Sess.). *See Lockhart v. State*, No. 34A04-1204-CR-226, 972 N.E.2d 983. It does not appear that Lockhart filed a motion to correct error relating to the resentencing order, and even if he had, he would not be precluded from seeking permission to file a belated notice of appeal pursuant to P-C.R. (2)(1)(a).

For all of these reasons, we conclude that the trial court erred in denying Lockhart's petition for permission to file a belated appeal on the basis that he had already appealed all final orders. This is not to say, however, that Lockhart is automatically entitled to pursue a belated direct appeal. As set forth above, in order to be granted permission to file a belated notice of appeal, a defendant must also establish diligence and lack of fault. *See* P-C.R. 2(1)(a). We note the very lengthy delay between the 1998 resentencing order and Lockhart's motion for permission to file a belated notice of appeal. We also note, however, that the trial court made no findings on the questions of diligence and fault, and the record is undeveloped on these issues due to the trial court's ruling without a hearing. Our Supreme Court has explained that "[t]here are no set standards of fault or diligence, and each case turns on its own facts." *Moshenek v. State*, 868 N.E.2d at 423. In light of the fact-sensitive nature of the diligence and fault inquiries, we decline to address them for the first time at the appellate level. Accordingly, we remand with instructions to consider whether Lockhart has established the requisite diligence and lack of fault to support his petition for permission to file a belated notice of appeal. *See Welches v. State*, 844 N.E.2d 559 (Ind. Ct. App. 2006) (remanding for hearing on petition for permission to file belated notice of appeal because defendant was not given the benefit of an evidentiary hearing to develop the record on questions of fault and diligence).

Reversed and remanded for further proceedings consistent with this opinion.

KIRSCH, J., and BAILEY, J., concur.