## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2018, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Berger
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis Knight,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 30, 2018

Court of Appeals Case No.
71A04-1711-PC-2748

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

Trial Court Cause No.
71D02-1503-PC-11

**Mathias, Judge.**

[1] After his two convictions for Class B robbery were affirmed on direct appeal, Dennis Knight ("Knight") filed a petition for post-conviction relief in the St.

Joseph Superior Court. The post-conviction court vacated Knight's sentence on the ground that the sentencing judge, who had since retired, entered the order of confinement without ordering a Pre-Sentence Investigation Report ("PSI").

[2] The post-conviction court, with a new judge presiding, ordered the probation department to prepare a new PSI, which the court then consulted before re-imposing Knight's original sentence. Knight now appeals his resentencing, arguing that the trial court's error in sentencing him without first ordering a PSI entitled him to a new trial because the post-conviction court did not hear the evidence in the original trial and was therefore incapable of resentencing him. We find that Knight waived any challenges based on the trial court sentencing him without a PSI by failing to raise them on direct appeal, and that waiver notwithstanding, his argument that such an error would entitle him to new trial is without merit. We therefore affirm the post-conviction court's sentence.

## Facts and Procedural History

[3] On August 18, 2011, Knight was arrested and charged with five counts of Class B felony robbery. The case was severed for trial, and separate juries found Knight guilty of an armed robbery of a fast food restaurant on August 15, 2011, and an armed robbery of a gas station on August 16. For these two convictions, Knight received an aggregate sentence of twenty-two years. The trial court did not order and consult a PSI before rendering this sentence, apparently thinking it unnecessary because the court remembered seeing an older PSI created after a prior conviction only a few months earlier. Appellant's App. pp. 76–78.

[4]     Knight challenged his convictions on direct appeal, and each conviction was affirmed by a separate panel of this court in two unpublished opinions. *See Knight v. State*, No. 71A03-1401-CR-40, 2014 WL 2395974 (Ind. Ct. App. May 29, 2014); *Knight v. State*, No. 71A04-1309-CR-475, 2014 WL 1233100 (Ind. Ct. App. Mar. 25, 2014). On direct appeal, Knight only challenged his convictions for sufficiency of the evidence, and he did not raise any challenge based on his sentencing. *See id.*

[5]     On March 11, 2015, Knight filed a petition for post-conviction relief, asserting that his sentence should be vacated because the trial court sentenced him without requesting or consulting a PSI. After the judge who presided over Knight's trials and original sentencing retired, the case was reassigned on March 3, 2016 to Judge John Marnocha (hereinafter, "the post-conviction court").[1] After an evidentiary hearing on September 11, 2017, the post-conviction court vacated Knight's original sentence and ordered the probation department to prepare a new PSI for use in Knight's resentencing.

[6]     The new PSI recommended that Knight receive an aggregate sentence of thirty years. Appellant's App. Supp. pp. 15–16. At Knight's resentencing hearing on October 11, 2017, Knight's counsel requested that the court re-impose the trial court's original sentence, rather than the higher sentence recommended by the

---

[1] Knight's post-conviction case was initially assigned to the judge who presided over Knight's trial and original sentencing, Appellant's App. pp. 67–68, but for simplicity we use the term "post-conviction court" to refer to Judge Marnocha, who granted post-conviction relief and resentenced Knight.

probation department in the PSI. The post-conviction court, having reviewed the PSI and noting Knight's numerous prior convictions for robbery and burglary, re-imposed Knight's original aggregate sentence of twenty-two years. Knight now appeals.

## Discussion and Decision

[7] Knight contends that "merely vacating" the original sentence, ordering a PSI, and consulting it before resentencing him could not cure the error of sentencing him the first time without a PSI. Appellant's Br. at 7. Knight argues that the proper remedy for this original sentencing error was to grant him a new trial because the post-conviction court did not preside over the original trial and was thus "deprived . . . an important element of the evaluation to determine the proper sentence (that is the evidence addressed at trial) . . . ." *Id.* at 8. The State argues that Knight has waived challenging his sentence based on the trial court sentencing him without a PSI because Knight failed to bring such a challenge on direct appeal.[2] We agree with the State.

[8] On an appeal from resentencing, the appellate court is confined to reviewing only the errors alleged to have occurred as a result of the resentencing. *Becker v. State*, 719 N.E.2d 858, 860 (Ind. Ct. App. 1999) (citing *Boykin v. State*, 622 N.E.2d 568, 569 (Ind. Ct. App. 1993), *trans. denied*). And here, Knight brings

---

[2] The State also argues that Knight should be barred from seeking a new trial because of the original sentencing error by the equitable doctrine of laches, *res judicata*, and invited error. Because we find that the State prevails on its waiver argument and that Knight's argument is without merit in any case, we need not reach the State's other arguments.

his claim in a petition for post-conviction relief. Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *Manzano v. State*, 12 N.E.3d 321, 325 (Ind. Ct. App. 2014) (citing *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002)), *trans. denied*. Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id.* (citing *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002)).

[9] On direct appeal, Knight only challenged the sufficiency of the evidence for each of his convictions and did not raise any challenges related to his sentencing. *See Knight*, 2014 WL 2395974; *Knight*, 2014 WL 1233100. Therefore, because Knight failed to challenge the imposition of his sentence on direct appeal, he has waived the argument for purposes of post-conviction relief. *See* Ind. Post-Conviction Rule 1(b).

[10] Waiver notwithstanding, Knight's argument that this error entitled him to a new trial is without merit. Indiana Code section 35-38-1-8(a) provides that "a defendant convicted of a felony may not be sentenced before a written presentence report is prepared by a probation officer and considered by the sentencing court." A trial court's noncompliance with this statute requires that a sentence entered without a PSI be vacated. *See, e.g.*, *Mejia v. State*, 702 N.E.2d 794, 798 (Ind. Ct. App. 1998) (remanding for resentencing where the trial court imposed sentence without written PSI).

However, the remedy for such an error has traditionally been the remedy that Knight asked for and received—resentencing. In *Loman v. State*, 265 Ind. 255, 262, 354 N.E.2d 205 (1976), the defendant appealed his sentence, which the trial court entered without consulting a PSI. Our supreme court denied any relief because the defendant was subject to a mandatory minimum sentence, making the error harmless, but the court noted that:

> The statutory requirement of a pre-commitment investigation report does not rise to the level where a mistrial will result if it is not followed. The most that the Appellant could ask for here is a vacating of his order of commitment and resentencing in light of such a report.

*Id.; see also Mejia*, 702 N.E.2d at 798; *cf. Stanley v. State*, 273 Ind. 13, 21, 401 N.E.2d 689, 694 (1980) (remanding for resentencing where defendant did not receive last page of PSI before sentencing hearing and was denied opportunity to refute information used in his sentencing).

Knight seems to argue that his is a special case because his original sentencing judge retired and the judge who resentenced him after consulting the PSI did not preside over his trial or hear the evidence in it, which, he argues, made the post-conviction court incapable of resentencing him. However, Knight offers no authority for the proposition that a sentencing judge must have heard the evidence during trial in order to render a proper sentence, and we can find none. Knight, as the appellant, is obligated to support his contentions with cogent reasoning and with citations to relevant authorities. Ind. App. R. 46(8)(a). We will not become an "a party's advocate, nor will we address arguments that are

inappropriate, improperly expressed, or too poorly developed to be understood." *Barrett v. State*, 837 N.E.2d 1022, 1030 (Ind. Ct. App. 2005), *trans. denied*.

[13] Moreover, Knight does not suggest that the supposed error prejudiced him or argue that the sentence he received was excessive. Knight does not specify any evidence from his trial that the post-conviction court failed to consider that would have weighed in favor of a lesser sentence than the one he received. And Knight received the same sentence from the post-conviction court that he received from the trial judge who heard all the evidence in his trial.[3] Therefore, we find that Knight has shown no prejudice as a result from his resentencing by the post-conviction court.

## Conclusion

[14] Based on these facts and circumstances, Knight has waived the argument that he was entitled to any relief based on the trial court sentencing him without a PSI because he failed to raise such an argument on direct appeal. Waiver notwithstanding, we find no merit in Knight's argument that such an error would entitle him to a new trial. Moreover, Knight has failed to show any prejudice resulting from the post-conviction court resentencing him. Accordingly, we affirm.

Riley, J., and May, J., concur.

---

[3] In fact, Knight received the very sentence his post-conviction counsel asked for. Therefore, any error resulting from Knight's resentencing would be invited error, and he makes no cognizable claim of ineffective assistance of counsel.