**Richard P. BARNETT, Sr.,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 84A01–9205–CR–143.**

Court of Appeals of Indiana,
First District.

Sept. 23, 1992.

Christopher B. Gambill, Terre Haute, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BAKER, Judge.

Richard P. Barnett, Sr., was resentenced for Dealing a Schedule IV Controlled Substance, a Class C felony, after this court vacated his conviction for Dealing a Schedule III Controlled Substance, a Class B felony. *Barnett v. State* (1991), Ind.App., 579 N.E.2d 84, *trans. denied.* Barnett now argues the new sentence is improper because it is proportionally greater than the prior sentence.

## FACTS

Barnett was originally convicted of Count I, Dealing in a Schedule III Controlled Substance, a Class B felony, Count II, Dealing in a Schedule IV Controlled Substance, a Class C felony, and Counts III and IV, Possession of a Schedule IV Controlled Substance, both Class D felonies. The trial court merged all convictions into Count I, a Class B felony, and sentenced Barnett to the presumptive term of ten years' imprisonment with five years added for aggravating circumstances, a total sentence of 15 years. On appeal, we reversed Barnett's conviction for Count I, set aside the merger of Counts II, III, and IV, and remanded for proceedings consistent with setting aside the merger. *Id.* at 87.

On remand, the trial court merged Counts III and IV into Count II, Dealing a Schedule IV Controlled Substance, a Class C felony. The court imposed the presumptive sentence of four years' imprisonment for the Class C felony and added three years for aggravating circumstances, a total sentence of seven years. Barnett now appeals the sentence.

## DISCUSSION AND DECISION

 It is well-established that when a defendant successfully challenges his conviction, the trial court may not impose a harsher sentence on remand absent changed circumstances. *Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, 1004–05, *cert. denied* (1987), 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846. The rule is intended to curb the possible "chilling effect upon a defendant's right to appeal his conviction if he were faced with the prospect of a more severe sentence after retrial." *Id.* at 1005.

In this case, Barnett complains the seven-year sentence imposed on remand is proportionally harsher than the original fifteen-year sentence. In both sentencing orders, the court imposed the presumptive sentences, and then increased the sentences because of aggravating circumstances. For Barnett's first sentence, out of a possible ten additional years for aggravating circumstances, the court imposed only five years, or fifty percent. On re-

mand, however, out of a possible four additional years for aggravating circumstances, the court imposed three years, or seventy five percent. Because the court imposed only fifty percent of the possible ten-year aggravated sentence the first time around, Barnett argues the court could impose only fifty percent of the four-year aggravated sentence on resentencing. We disagree.

Barnett was originally sentenced to fifteen years' imprisonment, and now he has been sentenced to seven years' imprisonment. Barnett's original sentence was aggravated by five years' imprisonment, and now his sentence has been aggravated by three years' imprisonment. Instead of facing an additional five years' imprisonment for aggravating circumstances, he is now facing only an additional three years' imprisonment. He has not received a greater sentence; it is, in fact, a lesser sentence.

Judgment affirmed.

ROBERTSON and MILLER, JJ., concur.