**Joseph MISZTAL, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 75A03–9304–CR–139.**

Court of Appeals of Indiana,
Third District.

Sept. 27, 1993.

David Brooks, Bedrock & Brooks, Knox, for appellant-defendant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Joseph Misztal appeals the trial court's decision finding aggravating circumstances and imposing a 17–year term of imprisonment for voluntary manslaughter. Misztal was convicted of murder in May 1986. In June 1986, Misztal was sentenced to a 39–year term of imprisonment. At his sentencing hearing, the trial court determined that Misztal's advanced age was a mitigating circumstance. No aggravating factors were noted by the court when imposing the original sentence.

On direct appeal, *Misztal v. State* (1992), Ind.App., 598 N.E.2d 1119, *trans. denied*, Misztal's murder conviction was reversed. The cause was remanded with instructions to enter a conviction for voluntary manslaughter and to resentence Misztal accordingly. *Id.* at 1124.

On remand, the resentencing court found that aggravating factors warranted a 17–year term of imprisonment. At the resentencing, the trial court noted that the previous judge had not mentioned aggravating circumstances and had found one mitigating circumstance. From the presentence investigation report, the resentencing court found that Misztal had threatened people with a machete on one occasion and with a nine-millimeter gun on another occasion. The court also found that Misztal's advanced age was a mitigating circumstance. The court determined that the aggravating circumstances outweighed the mitigating, and "that any further reduction of sentence would depreciate ... the seriousness of this crime."

On appeal, Misztal contends that it was improper for the resentencing court to impose an aggravated sentence when the original sentencing court had found one mitigating factor and no aggravating circumstances. Misztal correctly notes that an increased sentence after appeal may not be imposed absent changed circumstances. *Barnett v. State* (1992), Ind.App., 599 N.E.2d 232, 233. "The rule is intended to curb the possible 'chilling effect upon a defendant's right to appeal his conviction if he were faced with the prospect of a more severe sentence after retrial.'" *Id.* Because the aggravating factors relied upon by the resentencing court occurred prior to the first sentencing and were not mentioned by the original sentencing court, Misztal contends that an aggravated sentence is improper.

In *Barnett*, this Court determined that it was not improper for the defendant to receive a proportionally greater sentence once his conviction and sentencing for a Class B felony was remanded for resentencing on a Class C felony. While recognizing that the resentencing was proportionally greater, the *Barnett* Court found no "chilling effect" upon the right to appeal because the defendant in fact received a lesser sentence. *Id.* Such is the case here. There could be no chilling effect where Misztal received a greatly reduced

sentence stemming from his successful challenge to the murder conviction.

Further, Misztal points to no authority for the proposition that a resentencing court does not have the discretion to consider mitigating and aggravating factors in light of the conviction on a lesser or different charge. Our supreme court has determined that aggravating factors applied to one charge prior to remand could be considered for the purpose of resentencing the defendant on other charges for which the presumptive sentences had been imposed at the original sentencing.

> *Flowers v. State* (1988), Ind., 518 N.E.2d 1096, 1098, DeBruler, J., concurring and dissenting in which Dickson, J., concurs; *accord Coble v. State* (1988), Ind., 523 N.E.2d 228, 229 (proper on resentencing to impose any sentence permissible under statute).

Similarly, at Misztal's resentencing the court properly reassessed the existence of aggravating factors in light of the conviction on a charge other than that for which he was originally sentenced.

There being no finding of reversible error, the resentencing court's determination is affirmed.

Affirmed.

SHARPNACK, C.J., and SHIELDS, J., concur.