**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 09 2013, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARIELENA DUERRING**
Duerring Law Offices
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ELDON E. HARMON, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 20A05-1212-CR-634 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-0910-FA-47

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Eldon E. Harmon appeals the trial court's sentence of sixteen years for a Class B felony conviction of dealing in methamphetamine. Harmon raises two expanded and restated issues on appeal: 1) whether the trial court wrongly increased his sentence on remand, and 2) whether the sentence was inappropriate in light of the nature of the offense and Harmon's character. Concluding that the sentence was neither wrongly increased nor inappropriate, we affirm.

## Facts and Procedural History

In 2009, Harmon was charged with dealing in methamphetamine as a Class A felony. In 2011, a jury convicted Harmon of the offense, and Harmon was sentenced to forty years with ten years suspended to probation, for a total of thirty executed years. Harmon filed a direct appeal challenging the sufficiency of the evidence that elevated his charge from a Class B felony to a Class A felony. We found the evidence to be insufficient, and reversed and remanded with instructions for the trial court to enter a conviction for dealing in methamphetamine as a Class B felony and to resentence Harmon accordingly. Harmon v. State, 971 N.E.2d 674, 682 (Ind. Ct. App. 2012), trans. denied.

In November 2012, following a resentencing hearing, the trial court sentenced Harmon to sixteen years on the Class B felony. This appeal followed. Additional facts will be supplied as necessary.

## Discussion and Decision

### I. Increased Sentence

Harmon first argues that his sentence was wrongly increased on remand.

> It is well-established that when a defendant successfully challenges his conviction, the trial court may not impose a harsher sentence on remand absent changed circumstances. The rule is intended to curb the possible chilling effect upon a defendant's right to appeal his conviction if he were faced with the prospect of a more severe sentence after retrial.

Barnett v. State, 599 N.E.2d 232, 233 (Ind. Ct. App. 1992) (citations and internal quotation marks omitted). Harmon's original sentence was for a Class A felony, for which the potential range is between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. Upon remand, Harmon was sentenced for a Class B felony, for which the potential range is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. Harmon argues that his sixteen year sentence on remand is proportionally higher than his original thirty year executed sentence because his sentence on remand was enhanced six years above the advisory sentence, while his original Class A felony sentence was for an executed time equal to the advisory sentence.

Firstly, as the State correctly points out, Harmon's total sentence in each case was eighty percent of the statutory maximum (forty years is eighty percent of fifty, and sixteen years is eighty percent of twenty). Aside from proportionality, and most importantly, Harmon's new sentence of sixteen years is quantitatively less than his original sentence of thirty years executed, and therefore could have no chilling effect on the right to appeal. See Misztal v. State, 620 N.E.2d 37, 38-39 (Ind. Ct. App. 1993) (holding, where the resentencing was proportionally greater, that there could be no chilling effect because the sentence was nonetheless reduced to a fewer number of years on resentencing).

Harmon also argues that the new sentence indicates that the court was vindictive. Here Harmon conflates the prosecution and the court, arguing that misrepresentation of facts, and a request of the maximum allowable sentence, by the State at the sentencing hearing underscore a vindictive motive in sentencing. We note that any misrepresentations appear to be relatively minor and there is no indication that they were intentional. Further, zealous prosecution does not implicate the <u>court</u> in vindictive sentencing. Here, the court declined to impose the maximum sentence of twenty years as requested by the State, which counters Harmon's implication.

Finally, Harmon argues that only changed circumstances may justify an increased sentence on remand, and that no such circumstances were present here. We have already determined that the sentence on remand was not in fact increased, but we take this opportunity to note that the court largely reiterated the mitigating and aggravating factors from the original Class A felony, but did take into consideration Harmon's participation in various programs while in jail and the Department of Correction in the interim; being unfamiliar with the programs, the court was not able to assign them much value. We have said before, under a previous sentencing scheme that made more overt use of mitigating and aggravating factors, that there was no authority "for the proposition that a resentencing court does not have the discretion to consider mitigating and aggravating factors in light of the conviction on a lesser or different charge." <u>Misztal</u>, 620 N.E.2d at 39. We see no reason here why the court could not re-evaluate factors in light of the Class B felony when determining a sentence, especially where the overall resulting sentence was shorter than the original. Harmon has clearly benefited from his original appeal, and we find no error in the court's sentence of sixteen years on remand.

## II. Appropriateness of Sentence

### A. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. Roney v. State, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), trans. denied.

### B. Nature of the Offense and Character of the Offender

The headings of Harmon's brief relate to our review of a sentence for inappropriateness. However, the body of his argument does not address this review, but instead focuses only on the increased sentence detailed above. In a single sentence relating to Harmon's character, Harmon appears to argue that his character has changed for the better since his original sentencing, apparently relying on his participation in programs while in the Department of Correction, and Harmon's statement at the 2012 resentencing that, if given a second chance, he would like to be a father to his children and a productive member of society. We disagree that Harmon's overall character, or the nature of the offense, render his sixteen year sentence inappropriate.

The trial court's judgment of conviction in 2011, reiterated at the 2012 sentencing, included the following factors:

> [Harmon] manufactured methamphetamine in a residential neighborhood, thus putting large numbers of people at risk from the deleterious effects of methamphetamine production. The court also notes that [Harmon] suffered

four adjudications of delinquency as a juvenile, one of which was for delivery of controlled substance; eleven misdemeanor convictions, several of which were controlled substance offenses; and two felony convictions, both of which involved substance abuse. In addition, [Harmon] has suffered multiple probation violations and community corrections violations, and has failed to appear for court proceedings on numerous occasions in the past. . . .

In looking at [Harmon's] substance abuse history, the court acknowledges that it is clear that [Harmon] has a substance abuse problem; however, [Harmon] was given the opportunity to address that problem at least twice—once through the Center for Problem Resolution, and later through Oaklawn Hospital. He either failed or refused to responsibly address his addiction; therefore, the court ascribes little weight to that circumstance.

Appellant's Appendix at 45. These factors are still relevant, and support Harmon's enhanced Class B felony sentence of sixteen years. Harmon has failed to meet the standard of review on this issue. Despite Harmon's assertion that he now hopes to be a better person, the overall nature of both his character and the offense leads us to conclude that his sentence was not inappropriate.

## Conclusion

Concluding that the trial court did not wrongly increase Harmon's sentence on remand, and that the sentence is not inappropriate in light of his character or the nature of the offense, we affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.

6